## CHARLESTON.

### BILLMYER *v*. INSURANCE CO.

Submitted September 12, 1904. Decided January 24, 1905..

1. INSURANCE POLICY—*Award Under.*
    An award under an insurance policy, the submission limited to. the amount of loss by fire, does not prevent action on the policy. (p. 44 )

2. INSURANCE POLICY—*Pleading.*
    No specification having been filed in the trial court of the defense that the policy of insurance· was forfeited by the assignment of the right of the assured, that defense cannot avail on writ of error.  (p. 45 )

3. INSURANCE POLICY—*Proof of Loss.*
    A fire insurance policy provides for notice of loss, and proof of loss and arbitration, and contains the independent provision that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss. herein required have been ·received by this company, including an award by appraisers, when appraisal has been required." A preliminary proof of loss having been furnished, this clause does not require another after an award upon the amount of loss.   (p. 46.)

4. INSURANCE POLICY—*Arbitration—Conclusive as to Amount of Loss.*
    An insurance policy provides, in case of disagreement as to amount of loss to goods by fire, for arbitration as to such amount, as a condition precedent to suit on it, and provides that the award shall "determine the amount of such loss." A valid award under it is final and conclusive as to the amount of loss.   (p. 46.)

5. INSURANCE POLICY.
    Awards—effect of.

6. INSURANCE POLICY—*Awards—Impeachment of.*
    An award under a submission in the country—not a statutory award—cannot be impeached at law by evidence of misconduct of the arbitrators in becoming intoxicated while performing their duties, or other cause not apparent on the face of the award.  (p. 47 ).

7. AWARDS—*Submission to Awards.*
    An award has the same effect whether the submission is by writing under seal or not under seal.  (It may be not so if award is to. pass title to land.)  (p. 48)

Error to Circuit Court, Jefferson County.

Action by J. D. Billmyer against the Hamberg-Bremen Fire Insurance Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

R. T. BARTON and FORREST W. BROWN, for plaintiff in error.

GEORGE M. BELTZHOOVER and D. C. WESTENHAVER, for defendant in error.

BRANNON, PRESIDENT:

Action on a policy of insurance by J. D. Billmyer against Hamburg-Bremen Fire Insurance Company for loss by fire to a stock of store goods, in which the court gave judgment for the plaintiff for $873.30 upon a demurrer to the evidence filed by defendant.

A primary question is, whether this action, which is based on the policy, can be maintained, the defendant contending that the action cannot be on the policy, but must be on an award made in the case. The policy provides: "In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss." The policy also provides: "No suit or action on this policy, for the recovery of any claim, shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements." The declaration goes only on the policy, not on the award. "It is a general rule that a valid award operates to merge and extinguish all claims embraced in the submission. Thereafter the submission and award furnish the only basis by which the rights of the parties can be determined, and constitute a bar to any action on the original demand; and the defendant cannot, in an action to enforce the award, set up in defense thereto any matters embraced in the award." Such is the force of an award, upon all

matters in controversy in a given transaction; but in this instance the submission was limited to the arbitration of only one matter under the contract of the policy, that is, the amount of the loss by fire.   It did not include or close other points of controversy under the contract, but only provided a process of settling one matter, the ascertainment of one element of settlement.   We find in 3 Cyc. 585 the following: "Where the whole matter of dispute is referred to quasi judicial determination, the original cause of action is merged by the judgment; but a mere appraisement, valuation, or the like act does not destroy the original cause of action.   At most it affects the evidence rather than the remedy."   "Technically, to constitute a valid common-law award, it is necessary that there should be a submission, by the parties, of an existing matter of difference, for the purpose of terminating or concluding the parties as to the entire subject matter in issue between them, as distinguished from a submission for the ascertainment of a single fact, or the settlement of a particular question in the chain of evidence constituting a mere appraisement, valuation, or reference not designed to terminate the whole controversy between the parties, which proceeding is said not to be an arbitration."   Though the finding on such one matter has the attribute of finality of an award, yet it does not cover all the rights under the contract, does not drown or merge the whole contract, and therefore does not forbid action on it, but only gives evidence in that action as to that one matter.

Judge Tucker expresses this view in *Beirly* v. *Williams*, 5 Leigh 700, 703.   And there are several instances where the matter of measurement or estimate of work done for pay under a contract, was submitted to a person making his finding final; but it was not supposed to merge the contract, so as to limit action to the award, as in its nature it is only an item of evidence in adjudicating the rights of the parties in an action on the contract.   *Condon* v. *South Side*, 14 Grat. 302; *N. & W. R. Co.* v. *Mills*, 91 Va. 613; *March* v. *Railroad*, 114 U. S. 549.   We conclude that the action was properly brought on the policy, and the award evidence in it.   It adds much to the force of this holding to note that the words above quoted of the clause of the policy itself look to a suit on the policy after the award.

The next question comes upon the defendant's claim that the policy was assigned to other parties by Billmyer in violation of its conditions forfeiting · it for that cause, and barring the action for that cause. It is enough to say that this defense is first made in this Court. No statement of the breach of that clause was filed in the circuit court, as demanded by Code, chapter 125, section 64, and it is not involved in the case in this Court. *Rosenthal* v. *Ins. Co.*, (46 S. E. 1021), 55 W. Va. 238. Moreover, the ₐassignment being after loss is valid. *Nease* v. *Ins. Co.*, 32 W. Va. 283.

We take up next the defense that Billmyer failed to furnish proof of loss. He did furnish a proof of loss. It is said to be defective in being too general. The policy called for a statement giving "the cash value of each item thereof and the amount of loss thereon;" whereas, this statement specified "Men's overcoats," "Suits," "Coats," and other items, giving not even the number of the articles, not giving each item, or classes, with their separate values and losses, but total values and losses of classes of goods. The company returned this proof to Billmyer simply saying that it was not "in proper form," but not specifying defects.

The law requires that defects in a proof of loss shall be specified, else it avails nothing. May on Ins. section 469b. But the court has come to the conclusion that the proof of loss is substantially good, as it gives the different classes of goods, and gives value and loss to each class. It also states that it is "a summary of detailed inventory duly certified as correct and true, now in the possession of Billmyer open to inspection and verification, or copy by said insurance company." Now, concede that Billmyer should have furnished that list or a copy, yet he informed the company that it was in the town open to inspection, or that a copy could be had. The agent in the town did not ask for it, did not say the proof was defective for want of it. Justice would say that he should have called for it if the proof was not sufficient in itemization. It was so easy to do this. The inventory was right at hand. He contented himself with the declaration in general terms that it was not good, not telling Billmyer that he wanted that inventory. It seems hard and technical to hold that Billmyer be defeated under these circumstances; but as the policy denied power in agents to waive conditions,

we do not place our decision on this ground, but say that the proof was sufficient, though it adds to the equity of our holding to mention the omission of the agent to point out defects, which in this respect was remediable, as it shows that Billmyer had the goods inventoried and that the inventory was near the spot where the agent returned to Billmyer the proof of loss as bad. We have not failed to note that the company agent states that he told Billmyer that the proof of loss was bad, and that unless withdrawn exceptions to it would be filed, and that the attorney of Billmyer, in his presence, agreed to withdraw the proof of loss. Of course, he could withdraw the proof of loss, and it would then be incumbent upon Billmyer to furnish another proof but under all the circumstances we cannot hold that there was such real intentional withdrawal. The agent told Billmyer the proof was bad, and unless withdrawn and an arbitration agreed to exceptions would be made to the proof of loss, and then the arbitration was agreed to. This means only that Billmyer agreed to arbitrate the loss, substituting arbitration for the proof of loss, not really considering that he withdrew his proof, not intending to do so. We do not say that the agent did by arbitration waive proof of loss; but we say the proof was sufficient to answer the policy demand for it, and worked its office, and that its legal effect was not nullified by its withdrawal.

But the contention is, that after the award there must be a second furnishing of proof of loss. The policy says that in case of disagreement as to amount of loss it should go to arbitration, and in another clause provides that "the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein have been received by the company, including an award by appraisers when appraisal has been required." It is not the object of this independent clause to require a second proof of loss. Its object is to bind the company to pay within a specified time, and to guard against any inference of absolute obligation to pay, it reiterates that precedent to payment the requirement of certain things found in other clauses must be met. Why a second proof of loss? It is not reasonable to suppose that the intent was to repeat the

same thing, *Cui bono.* The last clause is intended to demand the presentation of an award, if any.

The award. The policy says that in the event of disagreement as to the amount of loss the same shall be ascertained by the appraisers and an umpire, "and the award in writing of any two shall determine the amount of such loss." In this case there was an arbitration and award under this clause. The plaintiff contends that it is not binding on him. He gave evidence, over protest, of the cost of the goods by cost marks, and entered into a general inquiry by general evidence as to the value of the goods, and the loss, as if there had been no such award, and this is asserted to be error. The final effect of an award is shown by the quotation above from 3 Cyc. See also *Turner* v. *Stewart,* 51 W. Va. 493; *Martin* v. *Rexroad,* 15 *Id.* 512; 4 Minor's Inst. 178. The award in this case must finally fix the *one* matter submitted, the amount of loss. Joyce on Insurance, section 3247; *Dickinson* v. *Railroad,* 7 W. Va. 390; *Lunsford* v. *Smith,* 12 Grat. 554; *Condon* v. *South Side,* 14 Grat. 302; *B. & O.* v. *Polly Woods, Id.* 44; *March* v. *M. & P. R. Co.* 114 U. S. 549. The defendant says that the award does not appraise the property article by article, or find sound values as required by the submission. It states on its face that the property was so appraised, and the inventory accompanying it gives columns for sound value as well as loss, and the oral evidence proves that it was so appraised. The award says the appraisement was article by article, and the inventory so shows. A third objection against the award is that the arbitrators were intoxicated when acting. Evidence was admitted to prove this. We think this evidence was not admissible, because the award could not be set aside at law for cause not apparent on its face. This can be done only in equity. 4 Minor's Inst. 184; *Dickinson* v. *Railroad,* 7 W. Va. 390. At common law, "no extrinsic circumstances or matter of fact dehors the award can be pleaded or given in evidence to defeat it. Thus, for example, fraud, partiality, misconduct or mistake of the arbitrators is not admissible to defeat it." Story, Eq. section 1452. See Morse on Arbitration, 542; 3 Ency. Pl. & Prac. 154; 3 Cyc, 750. It must not be thought that because Code, chapter 108, section 4, gives a court of law power to set aside certain awards for causes not apparent

on the face, that the principle above stated is wrong. That statute applies only to awards in pending suits, or where the submission provides that the award shall be returned to a court for judgment or decree. This submission is in the country, not in court, and does not provide for return of the award to court. There is a distinction between such awards found in the books. *Moore* v. *Luckess*, 23 Grat. 168; Hogg Eq. Principles, section 32. 4 Minor's Inst. 188 draws the distinction by saying that an award under a 'submission *in pais* can only be effected in equity for matters not disclosed by its face; but it is different as to statutory awards. See *Mathews* v. *Miller*, 25 W. Va. 817; *Rogers* v. *Corothers*, 26 *Id.* 238. The submission in this case was by parol, by writing not under seal, and it is said that the award had not finality for this reason. Authority cited does not sustain this distinction. It is without reason. It is against modern law. "At this day an award under a parol submission operates as a merger of the original cause as fully as one by bond." 3 Cyc. 731. Mere want of seal does not change the nature of the act. See 2 Am, and Eng, Ency. L., (2 Ed,) 543; *Jordan* v. *Westerman*, 4 Am. St. 836; 1 Bacon Abridg. 306; Morse on Arbitration 50. It may be different when title to land is to be passed by the award itself, which is rarely the case. I have no doubt a writing, not sealed, would be good to submit title, as a court would compel performance of the award, as it would of an unsealed written contract.

We think it was error to disregard the award, open up the question of amount of loss and hear evidence of the misconduct of the arbitrators in drinking intoxicants, If the award were for any cause invalid, it would be the worse for the plaintiff in this action, because where an award is bad, that does not end the submission, but the party must ask another arbitration, which Billmyer did not do, and the submission still being valid, and the policy making an award a precedent condition, to action, the action could not be supported, Billmyer could not arbitrarily disregard it and sue. Ostrander on Insurance 275; *Westenhaver* v. *German*, 113 Iowa 726; May on Insurance section 496b.

The award being valid, we reverse the judgment, which disregarded the award, and give judgment for the plaintiff according to it for $486.86, with interest from the 19th day of February, 1903, and costs in the circuit court.

*Reversed.*