W. M. Williams et al. v. C. Earl Moss and E. R. Moss

(No. 7692)

Submitted November 8, 1933. Decided December 16, 1933.

*Wm. MacDonald* and *Rummel, Blagg & Stone* and *H. Rummel Anderson,* for appellants.

*George H. Williams,* for appellees.

KENNA, JUDGE:

The question presented by this appeal is whether a note dated October 16, 1929, payable to E. R. Moss in the sum of $4,000.00 and to C. Earl Moss in a like sum thirty days after the death of Miss Mollie M. Taylor and signed by her, is a valid debt against the estate of the maker who died about a year later. The commissioner of accounts disallowed the note. Upon appeal to the county court of Hampshire County, the action of the commissioner was reversed and the note held to be a valid debt against the estate. Upon appeal to the circuit court of Hampshire County, the finding of the county court was in turn reversed and the finding of the commissioner of accounts re-instated and sustained. It is from the finding of the circuit court that this appeal is prosecuted by the payees of the note, E. R. Moss and C. Earl Moss.

The note in question was caused to be prepared by E. R. Moss and was by him presented to Miss Mollie M. Taylor in the kitchen of her home in the presence of one other person, a qualified but not entirely disinterested witness, who testifies that upon signing the note and re-delivering it to E. R. Moss, testatrix stated in substance: ''This is for those two boys; they have done a great deal of service for me and I think as

much of those boys as if they were my own children.''

The appellants rely mainly upon the presumption of consideration that attaches by reason of the stipulation contained in the note to that effect and its execution and delivery to the payees, and upon the proposition laid down in *Bade* v. *Feay,* 63 W. Va. 166, 61 S. E. 348, to the effect that in a transaction of this nature, the maker's estimate of the value of the services will not be disturbed on the ground of disparity between the actual value thereof and the amount of the note, under ordinary circumstances. These propositions may be admitted.

On the other hand, the appellees contend that the competent proof introduced by them at the hearing is more than sufficient to overcome all presumptions of consideration, and to establish by a clear preponderance of the evidence that under the circumstances, contended for by appellants as those giving rise to the consideration, no consideration in fact moved from the payees of the note to the decedent. Appellees say that natural love and affection will not support the note as a consideration, although it is a good, as distinguished from a valuable, consideration at law; and that in so far as services rendered by E. R. Moss and C. Earl Moss to the decedent are concerned, their proof shows such services to have been non-existent in any sense that would import an undertaking on the part of the decedent to pay for them, and an expectation on the part of the payees of the note that such services should be paid for by the decedent. They urge furthermore that the note in question cannot be taken as a promissory note in any event, but that it is, in legal effect, nothing more than an attempted testamentary gift which necessarily fails for lack of form.

We do not pass upon the question of whether, under the circumstances, this instrument is to be taken as a promissory note. It is apparent that it cannot stand as a testamentary disposition. Therefore, resolving the question of its nature most favorably to appellants' position and viewing it, for the sake of argument, in the light of a negotiable promissory note, it is our opinion that it must still fail as a valid and binding debt against the estate of Mollie M. Taylor.

Under the authority of *Gooch* v. *Gooch,* 70 W. Va. 38, 73

S. E. 56, and of *Cox* v. *Davis*, 85 W. Va. 604, 102 S. E. 236, cited and quoted in the brief of appellees, it may safely be asserted that past services, rendered under circumstances showing them to have been intended at the time to be gratuitous and to eliminate the expectation on the part of those rendering the services that they should be paid for and on the part of him to whom they were rendered that he should pay for them, are not sufficient to sustain a subsequent promise to pay.

Without recounting in detail the evidence in this case, it appears without doubt, that there is ample proof favoring the contention of appellees to render it impossible for us to say that the trial court was clearly wrong in its finding. The appeal to the circuit court provided by statute from the finding of the county court upon exceptions to the commissioner's report, is in its nature a hearing upon both law and fact upon the record made up in the county court. However, upon an appeal to this court from the decision of the appeal in the circuit court, the finding of that court will be set aside on the facts only when it appears from the record to have been clearly wrong.

Prior to 1902, the two Moss boys, whose parents had died when they were of tender years, were taken to live at the home of their grandfather called the ''Berg'', situated in Hampshire County. Living with their grandfather were their two aunts, Miss Mollie and Miss Mintie Taylor. The boys resided for some years on this farm and there they developed into early manhood. The grandfather died in 1902 and left the place to his two daughters, Miss Mollie and Miss Mintie. E. R. Moss left Hampshire County soon after the death of his grandfather and did not return until 1929. C. Earl Moss married in 1910 and moved away from the ''Berg''. Miss Mintie Taylor died in 1923, leaving the ''Berg'' to Miss Mollie Taylor, and it was not until then that she became the sole owner. In 1927, C. Earl Moss returned to live at the ''Berg'', and on the first day of November, 1927, the property was conveyed to him by Miss Mollie M. Taylor for a consideration of $8,000.00, secured and agreed to be paid, executing a deed containing the following stipulation:

> ''The said party of the first part hereby specifi-
> cally reserves the right to make her home with the

> said party of the second part in the mansion house on said property known as The Berg, during the remainder of her life, and the said party of the second part hereby agrees as a part of the consideration of this conveyance to furnish the said party of the first part at The Berg mansion house a good, comfortable home during the remainder of her life."

The proof shows that Miss Mollie Taylor after this conveyance spent only about one-half of her time at the "Berg". A large part of her time was spent visiting among relatives who resided nearby. The record contains undenied proof that during all of the time that either of the Moss boys was residing at the "Berg" there were others to do the farm work, the house work and the managerial work of the place, and that those services were in fact performed by others. The proof further tends to show that there were at all times residing at the "Berg" and nearby, qualified witnesses who would have been in a position to testify to any services of either of the Moss boys to Miss Mollie Taylor had any such services been performed by them. No such proof was introduced by appellants.

There is some question raised in the brief and in argument as to the competency of the evidence offered before the commissioner of accounts by both the appellees and the appellant. We do not deem it necessary to enter upon a discussion of these questions, because it seems to us that there is ample competent evidence in the record to sustain the contention of appellees that they have overcome the presumption of consideration contended by the appellant to follow the instrument and its delivery, and have shown by a preponderance of the evidence that the note is not supported by a consideration deemed valuable in law and hence is not a binding debt against the estate of Miss Mollie M. Taylor.

The finding of the circuit court of Hampshire County will therefore be affirmed.

*Affirmed.*