*In Re* F. M. REYNOLDS ESTATE

(No. 8115)

Submitted April 16, 1935.  Decided May 7, 1935.

*Arthur Arnold, Lester Reynolds* and *E. A. Bowers,* for plaintiffs in error.

*Harry K. Drane,* for defendant in error First National Bank of Keyser.

*B. F. Mitchell,* for defendant in error B. F. Mitchell, Administrator of L. J. Forman.

*R. A. Welch,* for defendants in error Albert Umstot, W. W. Bane, and W. A. Welch.

*Chas. N. Finnell,* for defendants in error C. Lee Reynolds and Chas. N. Finnell, receiver.

*Wm. McDonald,* for defendants in error Mary E. Thrush, James A. Thrush, and J. H. Bane, receiver of First National Bank of Gormania.

*Robert McV. Drane,* for defendants in error First National Bank of Piedmont and Davis National Bank of Piedmont.

WOODS, JUDGE:

E. B. Reynolds, Jessie K. Reynolds, Nyna R. Carskadon and G. H. Reynolds, as devisees under, and E. B. Reynolds, as co-executor of, the last will and testament of F. M. Reynolds, deceased, complain of an order and judgment of the circuit court of Mineral county, affirming the action of the county court, whereby their exceptions to the report of the commissioner of accounts were overruled and said report confirmed.

We are met at the outset with a motion to dismiss the writ of error on two grounds, namely, the pendency of a suit in chancery, the main object of which is the settlement of the estate involved herein; and, the alleged absence of a right of appeal in such cases.

The matter of former suit pending, so far as the record discloses, was not presented to the circuit court. The equity suit, according to the motion, was instituted prior to the filing of the report of the commissioner of accounts, and could have been stressed at the time of the appeal to the circuit court, if deemed pertinent to movants' interests. Not having been raised in the court below, the same is not properly before us. *Billmyer* v. *Insurance Co.,* 57 W. Va. 42, 49 S. E. 901; *Sult* v. *A. Hochstetter Oil Co.,* 63 W. Va. 317, 61 S. E. 307.

The movants' contention that the failure of article 2, chapter 44, Code 1931, to provide for a review by this Court, and

the language of section 19 thereof, purporting to cut off, or preclude the attaching of, any such right, renders the present writ of error subject to dismissal for want of jurisdiction, is not well taken. Under Article VIII, section 3, Constitution of West Virginia, this Court is given ''appellate jurisdiction in civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars.'' And this is carried over into the Code 1931, 51-1-3. We have said that no matter what may be the form of the controversy if a party has been injured by an erroneous decree or judgment, in excess of one hundred dollars, this Court will review the case at such party's instance. *Dryden* v. *Swinburn*, 15 W. Va. 234, 247. The allowance or denial of a claim for or against an estate after properly approved becomes a money judgment, and where over one hundred dollars, may be reviewed by this Court. And such right of review can not be taken away by mere legislative mandate. We have entertained at least two appeals involving a circuit court's ruling on exceptions since the passage of section 19, article 2, aforesaid. *Williams* v. *Moss*, 114 W. Va. 488, 172 S. E. 529; *In re Gilbert's Estate*, 115 W. Va. 599, 177 S. E. 529.

After the qualification (September 29, 1931) of the executors, the estate of decedent was referred to Wm. MacDonald, commissioner of accounts, who gave the statutory notice requiring all claims to be exhibited and proven ''on or before May 10, 1932.'' MacDonald tendered his resignation a short time before the date aforesaid, having discovered that he was disqualified. The resignation was noted by the county court on May 3, 1932, and Harry R. Taylor was appointed as commissioner and the estate committed to him. Taylor did nothing until June 6th, when he gave a new notice, in statutory form, fixing December 6, 1932, as the last day on which claims could be proven. A report was not filed until May 29, 1934. It appears therefrom that of the forty odd claims presented to Taylor prior to the expiration of the date set in the notice, all but nine had been previously presented in some form or other to MacDonald. Exceptions were taken by the plaintiffs in error to the allowance of each and every claim on the

ground that the same were barred by Code 1931, 44-2-26. On June 26, 1934, the county court, without passing on the exceptions, re-committed the report for the taking of further proof and the making of a supplemental report. Exception was taken to this action. And, on July 11, 1934, the commissioner of accounts gave notice, fixing August 11, 1934, as the last day for presenting and proving claims. On the latter date all claims included in the original report, together with four new claims, were proven in manner required by statute. Exceptions were filed to the supplemental report. The county court confirmed the supplemental report, and on appeal to the circuit court, the action of the county court was affirmed in every particular.

The plaintiffs in error insist that the several claims confirmed by the circuit court are barred by section 26, article 2, chapter 44, Code 1931, by virtue of the failure of claimants to present and properly prove the same in manner provided by statute prior to the date set by MacDonald for the filing of claims, or by their failure to properly prove same prior to the original date set by Taylor; and, further, that the county court erred in re-committing the report without first passing on their exceptions, citing section 19 of the article and chapter aforesaid. In other words, it is their contention that if the procedure set out in article 2 of chapter 44, Code 1931, is not to be strictly enforced, the purported change means nothing.

But are the plaintiffs in error, as beneficiaries and executors, in a position to raise the procedural matters relied on here? It is a well settled principle of law that parties seeking relief in an appellate court by appeal or writ of error must show that they have been injuriously affected or aggrieved by a decree or judgment of which they complain.

Section 26 provides, in effect, that every person having a claim, whether due or not, who shall fail to present same on or before time fixed in the commissioner's notice, shall be barred from recovering the same of or from the personal representative, except where a surplus remains in the latter's hands and claimant can show that he had no notice of the day fixed. And section 27 provides that every creditor, who

shall not have presented his claim before distribution of sucn surplus, may, within two years after distribution, if not barred by limitation, bring action against the distributees or legatees, and recover to the extent of the property received by the latter.

It will be. noted from a consideration of the two sections mentioned above that the diligent creditor is preferred over the dilatory, in cases where the estate does not pay out. And as pointed out in the note of the revisers at the head of article 2, the personal representatives may pay over to the distributees without requiring refunding bonds, and such personal representatives are thereafter relieved from further liability.

Inasmuch as the dilatory creditor is given a right under section 27 aforesaid to proceed against the beneficiaries after distribution by the personal representative, the beneficiaries will not be heard to complain because of the extension of time allowed by the subsequent notices. The record likewise fails to reveal wherein E. B. Reynolds, in his capacity as co-executor, has been hurt.

The writ of error must, therefore, be dismissed.

*Dismissed.*