IN RE ESTATE OF JOHN A. BOYCE, *Deceased*

(No. 12025)

Submitted January 11, 1961. Decided February 14, 1961.

*A. Blake Billingslea,* for plaintiff in error.

*Alfred R. Putnam,* for defendant in error.

HAYMOND, PRESIDENT:

Gary K. Rymer, Administrator, with the will annexed, of the estate of John A. Boyce, deceased, prosecutes this writ of error to the final judgment of the Circuit Court of Marion County, West Virginia, rendered May 20, 1959, affirming the final order of the County Court of Marion County, West Virginia, which allowed the claim of Flossie Merrill against the estate of John A. Boyce, deceased, in the net amount of $1,615.41 and placed the claim in a class sixth in priority against the estate.

By an order entered by the County Court of Marion County the estate of John A. Boyce, deceased, was referred to Robert C. Morris, Commissioner of Accounts of Marion County, for proof and determination of debts and claims, establishment of their priority, determination of the amount of the respective shares of the legatees and distributees, and any other matters necessary and proper for the settlement of the estate, as provided by Section 1, Article 2, Chapter 44, Code, 1931, as amended. By notice dated August 9, 1957, directed to the creditors and the beneficiaries of the estate of John A. Boyce, deceased, and duly published in a newspaper of general circulation in the county for three successive weeks, the commissioner notified persons having claims against the estate to exhibit such claims with legally verified vouchers to him at his office on or before February 15, 1958. Before the day fixed by the notice Morris died and Dominick J. Romino was duly appointed a commissioner of accounts and as such acted in lieu of Morris in connection with the settlement of the estate.

On February 11, 1958, Flossie Merrill filed before the commissioner an itemized claim upon an open account verified by her affidavit. The items of her claim consisted of personal services in the perform-

ance of nursing duties and household work performed for John A. Boyce in his lifetime at the rate of $35.00 per week for fifty six weeks, amounting to $1,960.00, the value of certain specified items of canned food in which the claimant owned a one-half interest, amounting to $31.72, and the value of certain quart and pint jars, amounting to $6.70. Those items aggregate $1,-998.42, which, less a credit of $383.01, left a total net amount of $1,615.41. The administrator did not appear or file a counter affidavit with the commissioner before he completed his report on March 8, 1958. On March 13, 1958, the commissioner verbally notified the administrator or his attorney that the report had been completed and would be retained in his office for a period of ten days for inspection and the filing of exceptions by any party in interest. The claim of Flossie Merrill, not having been contested before the commissioner completed his report, was allowed by the commissioner as a claim in a class sixth in priority against the estate.

On March 13, 1958, the administrator filed with the commissioner a counter affidavit and written exceptions to the report. The grounds of exception were that the administrator had received no notice of the time and place fixed by Commissioner Morris and had received no notice prior to February 15, 1958 that the claim of Flossie Merrill had been filed before Commissioner Romino; that a counter affidavit in opposition to the claim was filed with the commissioner on the 13th of March, 1958, when, as the administrator understood from the commissioner, his report was being prepared, which exceptions, as well as the counter affidavit, the commissioner declined to consider; that the estate of John A. Boyce, deceased, was not indebted to Flossie Merrill in any sum; and that she had been fully and adequately compensated for any services performed by her. In his exceptions the administrator also moved the county court to recommit the report to the commissioner for further investigation, that upon recommittal notice be given to the par-

ties in interest, that the commissioner fix a time to take further proof, and that he complete a supplemental report.

The report of the commissioner and the exceptions of the administrator were filed in the office of the clerk of the county court on May 20, 1958. By order entered at a regular session on September 16, 1958, the county court overruled the exceptions of the administrator and confirmed the report of the commissioner. Upon writ of error from the Circuit Court of Marion County to the final order of the county court the circuit court by final judgment rendered May 20, 1959, affirmed the order of the county court.

By his assignments of error the administrator challenges the jurisdiction of the county court and the circuit court to hear and determine the claim and complains of the action of the commissioner because of lack of notice of the hearing and the completion of the report by the commissioner, of the allowance of the claim, and of the action of the commissioner in refusing to consider the counter affidavit and to sustain the exceptions of the administrator.

The contentions of the administrator that he was not properly notified of the time and place of the hearing of the claims against the estate by the commissioner, of the filing of the claim in question, and of the completion of the report of the commissioner are not sustained, but instead are refuted, by the record which affirmatively shows that the notice was given and that the proceedings had before the commissioner were regular and legally sufficient.

It clearly appears that the notice to the creditors and the beneficiaries of the estate provided by Section 2, Article 2, Chapter 44, Code, 1931, fully satisfied the requirements of the provisions of that section of the statute, that the claim of Flossie Merrill was itemized and verified in the manner required by Section 5 of the same article and chapter of the code, and that the claim, not having been controverted by

any counter affidavit filed with the commissioner before he completed his report, was sufficiently proved and properly allowed by the commissioner in accordance with the provisions of Section 6 of the same article and chapter of the code, as amended.

Article VIII, Section 24, of the Constitution of this State, relating to county courts and other tribunals previously established for police and fiscal purposes, provides to the extent here pertinent with respect to county courts that "They shall have jurisdiction in all matters of probate, the appointment and qualification of personal representatives, guardians, committees, curators, and the settlement of their accounts, and in all matters relating to apprentices." Pursuant to this constitutional provision, the Legislature enacted Article 2, Chapter 44, Code, 1931, which relates to the proof and the allowance of claims against the estates of decedents. The method provided by that statute, according to the revisers' note to that article of the Code of 1931, was designed to relieve personal representatives of the responsibility and liability imposed upon them by former laws, to relieve distributees of the hardships of giving refunding bonds, and to furnish an expeditious and more modern means, under judicial guidance, of settling estates of decedents to the extent permitted by constitutional restrictions. See also *In re F. M. Reynolds Estate,* 116 W. Va. 249, 180 S. E. 6.

The provisions of Article 2, Chapter 44, Code, 1931, as amended, which authorize county courts through commissioners of accounts to hear and determine disputed claims against the estates of decedents before such courts for administration are constitutional. *Ritchie v. Armentrout,* 124 W. Va. 399, 20 S.E. 2d 474. In that case this Court held in point 2 of the syllabus that an order of a county court confirming a report of the commissioner of accounts, regularly made, by which a claim against the estate of a decedent referred to such commissioner is disallowed, if not appealed from is a bar to a motion for judgment by

the claimant subsequently made on the same cause of action in a circuit court. In the recent case of *State ex rel Remke v. Falland,* 145 W. Va. 364, 115 S. E. 2d 326, this Court adhered to the holding in *Ritchie v. Armentrout,* 124 W. Va. 399, 20 S.E. 2d 474, and again upheld the jurisdiction of county courts through commissioners of accounts to hear and determine disputed claims against the estates of decedents before such courts for administration. In that case a writ to prohibit a commissioner of accounts of Ohio County from hearing and determining a claim against the estate of a decedent based on a written pledge, a part of which had been paid by the pledgor in his lifetime, was denied. The claim involved in this proceeding is a liquidated claim, consists of definite and specific items, and is of the type of claim that is covered by the provisions of Section 5, Article 2, Chapter 44, Code, 1931.

Other cases which recognize the jurisdiction of a county court, acting through a commissioner of accounts, to hear and determine claims against the estate of a decedent and other matters necessary and proper in the settlement and administration of such estates are *In re Settlement of the Estate of Frederick F. McIntosh, Sr.,* 144 W. Va. 585, 109 S. E. 2d 153; *Furman v. Hunt,* 135 W. Va. 716, 65 S.E. 2d 1; *In re Estate of H. B. Hauer,* 135 W. Va. 488, 63 S. E. 2d 853; *In re Settlement of Accounts of Ed. L. Boggs,* 135 W. Va. 288, 63 S. E. 2d 497; *State ex rel. Charlotton v. O'Brien,* 135 W. Va. 263, 63 S. E. 2d 512; *Boone v. Boone,* 123 W. Va. 696, 17 S. E. 2d 790; *In re Estate of John E. Brown,* 123 W. Va. 504, 16 S. E. 2d 801; *In re Estate of Anna A. Scott,* 122 W. Va. 352, 9 S. E. 2d 528; *Garden v. Riley,* 116 W. Va. 723, 183 S. E. 46; *In re F. M. Reynolds Estate,* 116 W. Va. 249, 180 S. E. 6; *In re Estate of John C. Gilbert,* 115 W. Va. 599, 177 S. E. 529; *Williams v. Moss,* 114 W. Va. 488, 172 S. E. 529.

The administrator cites and relies upon *Gapp v. Gapp,* 126 W. Va. 874, 30 S. E. 2d 530, in support of his contention that the county court, through its com-

missioner of accounts, is without jurisdiction to hear and determine the instant claim against the estate of John A. Boyce, deceased. That case is clearly distinguishable from and is not controlling in the decision of the case at bar. The provisions of Article 2, Chapter 44, Code, 1931, as amended, do not apply to the estate of an insane person or the administration of such estate by the committee of such person and as pointed out in the opinion in the *Gapp* case, in which the disputed claim was an unliquidated claim, there is a difference between the powers and the duties of a committee of an insane person and the powers and the duties of a personal representative of a decedent, and the Legislature had not enacted any statute relating to the administration of the estate of an insane person or to the duties of a committee of such person which authorized a county court to adjudicate disputed and unliquidated claims against the committee and the estate of an insane person.

By virtue of the provisions of Article 2, Chapter 44, Code, 1931, as amended, a county court, acting through a commissioner of accounts, has jurisdiction to hear and determine a liquidated claim against the estate of a decedent while such estate is before such court for the purpose of settlement and administraion.

The commissioner of accounts of Marion County was authorized to hear, determine and allow the liquidated claim of Flossie Merrill against the estate of John A. Boyce, deceased; the order of the county court approving the report of the commissioner and allowing the claim and the judgment of the circuit court affirming the order of the county court were in all respects correct and proper; and the judgment of the circuit court is affirmed.

*Affirmed.*