DELMUS FITZWATER

*v.*

MARGARET DOTSON

(No. 13680)

Decided June 29, 1976.

*R. Anthony Welch* for appellant.

*Richard B. Bord* for appellee.

CAPLAN, JUSTICE:

This is an appeal from a final order of the Circuit Court of Taylor County wherein the action of the plaintiff, Delmus Fitzwater, was dismissed on the motion of the defendant, Margaret Dotson.

In that civil action the plaintiff alleged in his complaint that Russell Dotson, on or about September 4, 1970, employed him to perform certain services in connection with Dotson's radio and TV business. He further alleged that Dotson had agreed to pay him at the rate of $1.45 per hour but that over a period of time he paid him substantially less than the agreed amount. Subsequently, in accordance with a contract between Russell Dotson and the rehabilitation program, the plaintiff was to be paid from January 1, 1971 through April of 1971 at the rate of $1.60 per hour. Once again Dotson failed to pay the plaintiff the agreed amount and once again he reassured plaintiff that the back wages would be paid.

On January 14, 1972 the plaintiff terminated his employment with Dotson due to the latter's failure to pay him the agreed wages. Russell Dotson became severely ill and died without ever having paid the plaintiff the wages alluded to herein.

Subsequently, the plaintiff filed a claim against the estate of Dotson for back wages in the amount of $2,522.81, including interest. This claim was disallowed by the commissioner of accounts due to the fact that the plaintiff had not filed such claim within the time specified in *W. Va. Code*, 1931, 44-2-26, which reads where pertinent to this case: "Every person having a claim against a deceased person ... who shall not, when notice to creditors has been published ... have presented his claim on or before the time fixed in such notice ... shall ... be barred from recovering such claim of or from the personal representative ...."

The plaintiff argued in the trial court and argues here that regardless of the provisions of the above quoted statute he can nonetheless recover the amount claimed from the plaintiff as a beneficiary and distributee of the estate of Russell Dotson under the provisions of *W. Va. Code*, 1931 44-2-27. Where pertinent that *Code* provision reads: "Every creditor who shall not have presented his claim to the commissioner of accounts before distribution of the surplus by the personal representative, or before that time shall not have instituted action or suit thereon against the personal representative, may ... bring his action or suit against the distributees and legatees, jointly or severally, at any time within two years after such distribution."

On September 26, 1974, by leave of the court, the defendant amended her answer by pleading the statute of frauds. Therein the defendant says that under the provisions of *W. Va. Code*, 1931, 55-1-1(d) she cannot be required to pay the debt of another unless the promise to pay such debt was in writing. This, of course, reflects her position that even if she had promised the plaintiff to pay the wages which he claims are due, this would

constitute a promise to pay the debt of her deceased husband and such promise, not being in writing, would be unenforceable, it being within the statute of frauds contained in *Code* 55-1-1(d).

The plaintiff here concedes that under the provisions of *W. Va. Code*, 1931, 44-2-26, he is barred from pursuing his claim against the defendant in her capacity as personal representative of the estate of her deceased husband. He asserts, however, that such action can be maintained against Margaret Dotson as a member of the class of distributees or legatees under the permissive provisions of *W. Va. Code*, 1931, 44-2-27, the pertinent language of which is quoted above.

We agree with the assertion of the plaintiff and hold that in the circumstances of this case his action is maintainable against the defendant in her capacity as a distributee or legatee of the estate of her deceased husband.

Granting the defendant's motion to dismiss, the trial court noted that the plaintiff's complaint relied entirely upon the defendant's promise to pay the debt of another. Reasoning that since that promise was not in writing it was barred by the statute of frauds embodied in *W. Va. Code*, 1931, 55-1-1(d), the court held that it was unenforceable.

An examination of the complaint filed by the plaintiff reveals that he did not rely entirely on the defendant's promise to pay the subject alleged debt. Paragraph 12 of the complaint does allege that the defendant owes the plaintiff "as per her agreement with the plaintiff", but it further alleges his right to recover from the defendant in her capacity as a beneficiary of the estate. Where pertinent, that paragraph of the complaint reads: "As beneficiary of the estate of Russell Dotson, and as per her agreement with plaintiff, defendant herein is liable to plaintiff in the amount of $2,522.81 ...."

This plaintiff, an alleged creditor of the estate of Russell Dotson, did not present a claim to the commissioner of accounts which was considered on its merits in the

settlement of the estate; nor did he institute an action against the personal representative. In the circumstances herein described we are satisfied that the allegations of the plaintiff's complaint are sufficient to state a cause of action under the provisions of *W. Va. Code*, 1931, 44-2-27.

The law applicable to this case is reflected by Syllabus No. 3 of *In Re Reynolds Estate*, 116 W. Va. 249, 180 S.E. 6 (1935) which reads as follows:

> The limitations in Code 1931, 44-2-26, barring recovery of claims presented after a certain time of or from a personal representative, was inserted for the purpose of relieving the personal representative from the great responsibility and liability formerly imposed upon him, and of preferring the diligent over the dilatory creditor in cases where the estate does not pay out, and may not be invoked by a distributee or legatee, who, under section 27 thereof, is liable for a period of two years after distribution of surplus by the said personal representative, to action or suit by a creditor who shall not have presented his claim to the commissioner of accounts, if such claim has not been barred by limitation.

Accordingly, we hold that by reason of the above-quoted allegation of the plaintiff's complaint, he is entitled to proceed against the defendant in her capacity as a beneficiary or legatee of Russell Dotson's estate in accordance with the provisions of *W. Va. Code*, 1931, 44-2-27.

The judgment of the Circuit Court of Taylor County, therefore, is reversed and the case is remanded for trial to determine the amount of back wages, if any, due the plaintiff.

*Reversed and remanded.*