## EATMON v. PENLAND, Adm'r.

No. 16950—Opinion Filed Sept. 14, 1926.

Work and Labor—Liability of Parent for Services of Child Remaining in Family A.ter Minority—Necessity for Contract.

Where a child, after reaching his majority, remains with the family and continues family relations and renders services to his parent, the law presumes that such services were gratuitously rendered, and the parent is not liable unless it is clearly shown that there was an express contract to pay for such services. Mere declarations of a parent that he intends to make a gift or other reward for such services, or that he intends to provide for the child, or that the child shall be well paid for the services, is not sufficient evidence upon which to infer that a contract existed, nor is there any consideration to support a promissory note given therefor many years after the performance of such services in the absence of an express contract.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Jackson County; J. M. Williams, Judge.

Action by P. O. Eatmon against J. H. Penland, administrator of the estate of Martha C. Eatmon, deceased, on a promissory note. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 106 Okla. 76, 232 Pac. 945.

L. A. Pelley and P. K. Morrill, for plaintiff in error.

E. E. Gore and Whiteside & Snodgrass, for defendant in error.

Opinion by FOSTER, C. This was an action upon a promissory note brought in the court below by plaintiff in error, P. O. Eatmon. as plaintiff, against the defendant in error, J. H. Penland, administrator of the estate of Martha C. Eatmon, deceased, as defendant. Parties will be hereinafter designated as they appeared in the trial court.

The note sued on was dated October 29, 1920, due January 1, 1921 thereafter, was for the principal sum of $615, upon which it was alleged that defendant was entitled to a credit of $215, leaving an alleged balance due and unpaid of $475.93. The defendant, in his answer, among other things, alleged that the note was not supported by any

consideration, and subsequently filed a cross-petition, in which the defendant demanded judgment for $600 alleged to have been advanced to plaintiff by Martha C. Eatmon, deceased, in her lifetime. The cause proceeded to trial before the court and a jury, resulting in a verdict in favor of the defendant for costs.

From this judgment and from an order overruling his motion for a new trial, the plaintiff appeals to this court for review. The specifications of error relied on by the plaintiff for a reversal of the judgment of the trial court are alleged error by the trial court in giving paragraph 4 of its general instructions, and its refusal to give plaintiff's requested instruction No. 1. Paragraph 4 of the court's general instructions is as follows:

"You are further instructed that if you should find by a preponderance of the evidence that the plaintiff, P. O. Eatmon, remained with his parents after reaching his majority and continued his family relations, and that he rendered services to his parents thereafter, that the law presumes that such services were gratuitously rendered and the parents would not be liable therefor, unless it is shown that there was an express contract to pay for such services at the time they were rendered; and you are also instructed that mere declarations of a parent that he intends to make a gift or other reward for such services, or that the child would be well paid for such services, are not sufficient evidence upon which to infer that such a contract to pay for the same existed, nor is a moral obligation to pay for such services after they are rendered sufficient consideration for a promissory note given therefor, and the administrator can urge in defense that the note sued on was gratuitous, or made for the accommodation of the plaintiff or that it was made without legal consideration, and if he establishes this by a preponderance of the evidence, your verdict should be for the defendant."

Plaintiff's requested instruction No. 1 is as follows:

"The jury is instructed that this is an action brought by the plaintiff, P. O. Eatmon, against the defendant, J. H. Penland, as the administrator of the estate of Martha C. Eatmon, deceased, to recover the sum alleged to be due and owing to the plaintiff from the estate of Martha C. Eatmon, upon a promissory note which was made, executed, and delivered by Martha C. Eatmon to the plaintiff, P. O. Eatmon. The defendant for his defense denies that Martha C. Eatmon ever made, executed, and delivered to P. O. Eatmon, the note herein sued upon, and for a further defense alleges that the said note was executed without a consideration therefor. You are instructed that in

the event that you find by a preponderance of the evidence had and received in this case, that the said note herein sued upon, was signed and delivered to the plaintiff, P. O. Eatmon, by Martha C. Eatmon, in payment of beneficial services performed by the said P. O. Eatmon, for the said Martha C. Eatmon, then, and in such event, your verdict should be for the plaintiff for such amount as the evidence shows to be due and owing to the plaintiff upon said note."

The plaintiff testified in effect that he reached his majority about the year 1904, and that at the request of plaintiff's father and mother, and by virtue of an express promise from them that they would reimburse him for his services, he remained on the farm and performed services for his parents for a period of about three years, or until he was about 24 years of age; that the promissory note here involved was executed some 15 or 16 years thereafter, subsequently to the death of his father in 1909, and was executed and delivered to him by his mother, Martha C. Eatman, in consideration of the services so rendered by him.

It was also suggested in plaintiff's evidence that it was a part of the agreement with his parents that he should receive the home occupied by his parents at the time of their death. It was the theory of the defendant, as we understand the record, that no such express promise as that claimed by the plaintiff was ever made, but that the note was executed by Martha C. Eatmon in her lifetime in connection with the payment to the plaintiff of certain cash sums as a gift to enable plaintiff to make payment on a farm he was desirous of purchasing.

The jury, by its verdict, resolved these disputed matters of fact in favor of the defendant, and there being evidence reasonably tending to support the verdict of the jury the verdict will not be disturbed if no prejudicial errors of law were committed by the court in its instructions or its ruling upon law questions presented during the trial.

The jury having by its verdict conclusively determined that no express promise or agreement was made by the parents of the plaintiff during their lifetime to reimburse him for the alleged services performed, it simply remained to determine whether services performed by one who continues family relations with his parents after his majority are a sufficient consideration for a promissory note given therefor many years after, merely because such services are beneficial to the parents. Section 8037, C. O. S. 1921, provides:

"Where a child after attaining majority continues to serve and to be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor. * * *"

In Hapke, Executor, v. Hapke, 93 Okla. 181, 220 Pac. 660, this court laid down the rule that where a child after attaining majority continued family relations with the parents, there was no implied promise to pay for services rendered the family by such child even where such services were coupled with casual declarations by the parent of an intention to give such child a part of the parents' estate, or that that child should be well paid for his work.

In 13 C. J. page 359, it is said:

"By the great weight of authority a past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever; or, as the rule has been stated otherwise, an executed consideration is no consideration for any promise other than that which the law would imply. A past consideration, it is said, is some act or forebearance in time past by which a man has benefited without thereby incurring any legal liability; if afterward, whether from good feeling or from interested motives, he makes a promise to the person by whose act or forebearance he has benefited, and that promise is made on no other consideration than the past benefit, it is gratuitous and cannot be enforced; it is based on motive and not on consideration."

If, as was determined by this court in the Hapke Case, supra, the performance by a child, after attaining majority, of beneficial service to his parents implies no promise on the part of the parent to pay for such services, then, in the absence of an express agreement, the performance of such service could not support a promise subsequently made to pay therefor. The fact that the parents may have been benefited by services for which they incurred no legal liability is not a sufficient consideration for a promise made afterwards to reimburse the child for such services.

The particular vice in the instruction requested by the plaintiff is that it assumes the parent is legally obligated to pay for the service merely because he is benefited thereby, and overlooks the legal principle that a parent may be benefited by services performed by a child after attaining majority without incurring any legal liability.

As was said in Wilkes v. Cornelius 28 Pac. 135, 21 Ore. 348:

"The very nature of the relation requires the contract between parents and children to be proven by a kind of evidence that is

very different from that which may be sufficient between strangers. It must be direct, positive, express, and unambiguous. The terms must be clearly defined, and all acts necessary for its validity must have especial reference to it, and nothing else."

We think paragraph 4 of the court's general instructions to be substantially in harmony with the rules of law obtaining in this jurisdiction.

We think, upon the whole record, that the case was fairly submitted to the jury under instructions which fairly stated the law applicable to the issues presented by the pleadings and the evidence introduced. and that the judgment of the trial court is correct and should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 359, § 220; p. 360, § 220; 29 Cyc. pp. 1630, 1631.