**RECONSTRUCTION FINANCE CORPORATION v. LAWRENCE et al.**

No. 27635. Oct. 26, 1937.

Ames, Cochran, Monnet, Hayes & Ames, for plaintiff in error.

Charles Miles, for defendants in error.

RILEY, J. This action was commenced by the Reconstruction Finance Corporation, plaintiff in error, against Ollie Lawrence and her son, E. N. Lawrence, defendants in error, hereinafter referred to as plaintiff and defendants, respectively.

The defendant Ollie Lawrence 'and her husband, J. M. Lawrence, prior to the latter's death, May 22, 1934, lived on a farm in Missouri. The defendant E. N. Lawrence, who was 36 years of age at the time of the trial, had remained with his parents since attaining his majority, performing most of the farm work.

On July 25, 1934, W. O. Neill, the father of Ollie Lawrence, died, leaving certain real estate in Beaver county, Okla. Ollie Lawrence received a one-third undivided interest in said real estate, which, on July 31, 1934, was deeded by her to her son, E. N. Lawrence, for $1 consideration. On March 19, 1935, the plaintiff herein secured judgment against Ollie Lawrence in Barry county, Mo., for $2,002.75, on three notes executed by J. M. Lawrence and Ollie Lawrence on May 21, June 5, and September 5, 1932. On October 29, 1935, the plaintiff filed suit against Ollie Lawrence and E. N. Lawrence in Beaver county, Okla., and pleaded the Barry county judgment. The plaintiff alleged the deed from Ollie Lawrence to her son, E. N. Lawrence, was executed without consideration other than $1, and for the purpose of defrauding the plaintiff of the money then owed it by Ollie Lawrence, and prayed cancellation of said deed; judgment against Ollie Lawrence for $2,002.75; and for further judgment sustaining an attachment of said farm by the plaintiff.

E. N. Lawrence filed a motion to discharge the attachment for the reason that the property involved was a part of the assets of the estate of W. O. Neill, then being probated, and not subject to attachment. Said defendant also filed 'an answer and cross-petition alleging the deed was executed for a good and valuable consideration passing at the time of delivery, and that the transaction was free from fraud. The reply denied the material allegations of the answer and alleged that the plaintiff as a creditor had petitioned for the administration of the estate of W. O. Neill. A jury was waived and the case tried to the court, both on the motion to discharge the attachment and on the merits. The trial court found generally for the defendants and dissolved the attachment.

The plaintiff assigns three grounds of error, only one of which is necessary to be considered, viz.:

"The judgment rendered by the trial court on the merits of the case is not sustained by sufficient evidence, and is contrary to the law."

Section 9697, O. S. 1931, provides:

"Every conveyance of real estate or any interest therein, * * * made without a fair and valuable consideration * * * shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Section 1695, O. S. 1931, provides:

"Where a child after attaining majority, continues to serve 'and be supported by the parents, neither party is entitled to compensation in the absence of an agreement therefor."

It must be borne in mind that title to the property sought to be reached here passed to Ollie Lawrence at the death of her father, W. O. Neill. It was her separate property and she would not be bound by any agree-

ment her husband might have made unless he was, at the time, properly acting as her agent. Such agency is neither alleged nor proved.

Compliance with section 1695, supra, must be found in the agreement between Ollie Lawrence and E. N. Lawrence. Both were called as witnesses for plaintiff and defendant.

Ollie Lawrence testified that the consideration was $1 and several years work her son had performed for her and her husband; that her son had no contract with her, but that she felt she owed him her interest in the Beaver county land because he had stayed home and made their living; that if a contract was made it was made between the boy and his father; that he had handled the place and made the living since his father's death; that she had no agreement with him concerning the work and his compensation after his father's death, and that he had never asked her for one. The son testified on two different occasions that he did not have an agreement with his mother for payment for his services.

Under the above testimony it is apparent that no agreement existed as required by section 1695, hence no liability was created against Ollie Lawrence in favor of E. N. Lawrence and the deed herein assailed was executed without consideration other than one dollar.

In the case of Eatmon v. Penland, 119 Okla. 180, 249 P. 387, this court quoted with approval, 13 C. J. 359:

"By the great weight of authority a past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever; or, as the rule has been stated otherwise, an executed consideration is no consideration for any promise other than that which the law would imply. A past consideration, it is said, is some act or forbearance in time past by which a man has benefited without thereby incurring any legal liability; if afterward, whether from good feeling or from interested motives, he makes a promise to the person by whose act or forbearance he has benefited, and that promise is made on no other consideration than the past benefit, it is gratuitous and cannot be enforced; it is based on motive and not on consideration."

In the same case this court said:

"The fact that the parents may have been benefited by services for which they incurred no legal liability is not a sufficient consideration for a promise made afterwards to reimburse the child for such services."

The value of the farm in Beaver county was approximately $2,000. The one-third interest herein involved was worth over $650, and the actual consideration was $1. An examination of all the evidence shows there was no "fair and valuable" consideration as required by section 9697, supra.

Defendant in error argues that an attachment will not lie against the interest of an heir in the real estate of an intestate while in the process of administration and cites cases from Kansas, Florida, and Oregon. These citations hold that garnishment will not lie to reach funds in the hands of an administrator. This is the prevailing rule and was adopted in Russell v. Prospect Lodge No. 106, Knights of Pythias, 172 Okla. 622, 46 P. (2d) 478, and Johnston v. Byars State Bank, 141 Okla. 277, 284 P. 862. But the same rule is not applied to attachment of an heir's interest in real estate in the hands of an administrator.

In Ward v. Benner (Kan.) 131 P. 609, the defendant was a nonresident devisee of certain realty under the control of an executrix, and the court held that the interest of the defendant was bound by attachment, subject to the orders made to preserve control of the proceedings by the probate court until distribution should be ordered.

In McClellan v. Solomon (Fla.) 2 So. 825, it was said:

"Regarding the question, as involved, we can see no reason why such interest should not be levied on by attachment. It is true that the levy was subject to be defeated if it should be found necessary to resort to the land to pay the debts of the intestate, but the levy of the attachment on land does not dispossess the administrator (McClel. Dig. sec. 18, p. 114) nor would it interrupt or interfere with the administration of an estate in any way. Upon authority, however, as well as principle, such an interest is attachable. Proctor v. Newhall, 17 Mass. 91; Lessee of Douglas v. Massie, 16 Ohio, 271; Freem. Ex'rs., sec. 183."

In Malagamba v. McLean (Ore.) 173 P. 1175, it was said:

"The share of an heir in real property is subject to execution upon a judgment against the heir, even prior to final distribution of the estate."

In McGee v. Allen (Cal.) 60 P. (2d) 1026, it was said:

"The judgment was a lien upon the interest of the devisee in real property of his father's estate, and such interest was subject to attachment as real property."

Title to real estate, unlike title to personalty, descends directly to the heir subject only to the payment of costs of administration and debts of the decedent. This inherited interest may be transferred by the heir prior to the decree of distribution.

In Oil Well Supply Co. v. Cremin, 143 Okla. 57, 287 P. 414, it was stated:

"* * * A judgment duly entered is a lien on the **inherited interest of the judgment debtor,** but it is a lien only on that interest and is not a lien upon the land itself and becomes a lien only upon the land distributed to the judgment debtor, at which time it relates back to the time of its entry on the judgment docket."

There is no conflict herein with the above citations. The inherited interest of Ollie Lawrence in the realty of her father could be attached while in the process of administration, subject, however, to the control of the probate court until distribution is ordered.

The order dissolving the attachment in the case below was erroneous. The attachment should be reinstated subject to the probate proceedings if the same have not been completed.

Judgment reversed, with directions to enter accordingly.

OSBORN, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.