KENNEDY et al., Ex'rs, v. MARSHALL, Ex'x.

No. 31839. June 26, 1945.

*160 P. 2d 397.*

Keaton, Wells, & Johnston, of Oklahoma City, for plaintiffs in error.

Twyford, Smith & Crowe, E. P. Ledbetter, and Louis Woodruff, all of Oklahoma City, for defendant in error.

DAVISON, J. This cause is presented on appeal from the district court of Oklahoma county, where it was instituted on February 6, 1943, by William B. Kennedy, as plaintiff, against Mabel Marshall, executrix of the estate of Ella Rogers, deceased.

Plaintiff's petition was divided into two "causes of action," the first of which asserted that between and including January 1, 1919, and July 31, 1931, the plaintiff loaned Ella Rogers the sum of $3,775, and that on or about July 31, 1931, an oral agreement was made whereby Ella Rogers agreed that she, through her estate, would repay said sum after her death.

It was alleged that Ella Rogers died on July 19, 1942, a resident of Oklahoma county, and that her estate is being administered by the county court of that county. Plaintiff also asserts that on November 10, 1942, plaintiff filed his claim for the sum of $3,775 with the defendant administrator, who, on November 10, 1942, approved said claim and presented the same to the county judge, who thereupon approved and allowed the same.

Thereafter, and on January 12, 1943, there was filed in the county court a motion to vacate approval of the claim, which motion was heard and sustained. The claim was thus disallowed.

Plaintiff's second cause of action constituted an effort to state a cause of action on the same debt as that set forth in his "first cause of action." It adopts by reference all of the allegations of his first cause of action, and in addition thereto asserts that on or about September 15, 1939, Ella Rogers proposed that the debt of $3,775 be paid in common stock of the T. H. Rogers Lumber Company, which amount of stock the said Ella Rogers then owned and which by will of September 15, 1939, she bequeathed to the plaintiff, W. B. Kennedy.

Plaintiff alleged that thereafter and on March 3, 1941, Ella Rogers executed and published another last will and testament revoking all prior wills without making any provision for the payment to the plaintiff of the sum of $3,775 in common stock of the T. H. Rogers Lumber Company or otherwise.

Plaintiff in the prayer of his petition sought judgment decreeing that the estate of Ella Rogers is indebted to him in the sum of $3,775 and that the said

618

sum be established as a proper claim against such estate. ·

On February 9, 1943, Pauline Fisher Smith and Gladys Wilson Wheeler, the sole beneficiaries under the will of Ella Rogers, filed their motion to be made additional parties defendant. On March 11, 1943, the motion was heard and denied, but it was ordered that said parties might appear through attorneys of their choice, and it was further noted and ordered that the objection of said parties to the deposition of W. B. Kennedy be withdrawn.

On March 22, 1943, the defendant Mabel Marshall, executrix of the estate of Ella Rogers, deceased, filed her amended answer consisting of a general denial, a plea of the statute of limitations, an assertion that the oral agreement, if made, was wholly without consideration and void; an assertion that there was a fatal variance between the claim filed in the county court and the claim sued upon in this action, and an assertion that the claim filed in the county court amounted to an election of remedies by virtue of which plaintiff is now estopped to urge the claim sued upon in this action.

Plaintiff's reply was a general denial.

On November 16, 1943, the cause was tried without the aid of a jury. The plaintiff introduced his evidence and rested. The defendant demurred to plaintiff's evidence. Both parties moved for judgment. The demurrer to the evidence was sustained by the trial court and plaintiff's action was dismissed.

On March 23, 1944, the plaintiff died. William Bernard Kennedy, his son, and Roy E. Fellers were appointed joint executors of his estate. This cause was thereafter revived in the names of William Bernard Kennedy and Roy E. Fellers, joint executors, as plaintiffs.

The plaintiffs have appealed and appear before this court as plaintiffs in error. The order of appearance is thus preserved. Our continued reference to the parties will be by their trial court designation.

Plaintiffs first urge that the judgment is contrary to the evidence. They then urge that the judgment is contrary to the applicable law; that the claim is not barred by the statute of limitations; that the agreement is supported by a sufficient consideration; that there is no variance between the claim filed (in the county court) and the claim sued upon, and that the trial court committed error in overruling plaintiff's motion for judgment and in sustaining defendant's demurrer to plaintiff's evidence and defendant's motion for judgment.

In this case one of the above propositions is all that need be considered. If the trial court was correct on any one of the theories upon which relief could properly be denied, its error, if any, on the remaining theories becomes and is immaterial.

Ella Rogers is a sister of T. H. Rogers, the founder of the Rogers Lumber Company. She worked for the Rogers Lumber Company until 1911, when she quit due to failing health.

The plaintiffs' testate, William B. Kennedy, was a brother-in-law of T. H. Rogers. Mr. Kennedy was in charge of the lumber company after the death of Mr. Rogers. Beginning on January 1, 1919, and continuing thereafter until July 31, 1931, Mr. Kennedy caused the secretary-treasurer of the lumber company to transfer from his account to the account of Ella Rogers the sum of $25 each calendar month until the total amount transferred was $3,775, which constitutes the fund over which this lawsuit started.

Miss Rogers owned a number of shares of stock in the Rogers Lumber Company. She also carried her personal account with the company as did Mr. Kennedy. There is no proof in the record which indicates that Miss Rogers knew the source from which her $25 per month came. She may have thought it was a part of the dividends from her stock in the lumber company. Miss Rogers first learned the source from which the $25 per month had been paid in July of 1931. She then decided to

treat the money received as a loan and then orally agreed with Mr. Kennedy that the sum received ·should be paid back on her death from the assets of her estate.

Subsequent to this oral agreement, Miss Ella Rogers drafted a codicil to her then existing will, and thereafter drafted two new wills in each of which W. B. Kennedy was named as a beneficiary of her estate to the extent of $3,775. She then in March of 1941 drafted another will in which Kennedy was not named as a beneficiary. The drafting of this last mentioned will is asserted by plaintiffs to have constituted a breach of contract by Ella Rogers.

In 13 C. J. 359 it is stated that:

"By the great weight of authority a past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever; or, as the rule has been stated otherwise, an executed consideration is no consideration for any promise other than that which the law would imply. A past consideration, it is said, is some act or forbearance in time past by which a man has benefited without thereby incurring any legal liability; if afterward, whether from good feeling or from interested motives, he makes a promise to the person by whose act or forbearance he has benefited, and that promise is made on no other consideration than the past benefit, it is gratuitous and cannot be enforced; it is based on motive and not on consideration. . . ." ·

The above-quoted rule was approved and applied by this court in Eatmon v. Penland, 119 Okla. 180, 249 P. 387, and Reconstruction Finance Corp. v. Lawrence, 181 Okla. 126, 72 P. 2d 826. See, also, Davis v. First Nat. Bank of Butler, 100 Okla. 190, 229 P. 228.

In connection with this phase of the case plaintiffs call our attention to 15 O. S. 1941 § 107, which provides:

"An existing legal obligation resting upon the promisor, or a moral obligation originating in some benefit conferred upon the promisor, or prejudice suf-

fered by the promisee, is also a good consideration for a promise, to an extent corresponding with the extent of the obligation, but no further or otherwise."

It is urged that Ella Rogers was under a moral obligation to repay to Kennedy the money which had been advanced to her. Was there such a moral obligation or were the advancements merely gifts?

Our attention is directed to State ex rel. Marland, Governor, v. Phillips Petroleum Co., 189 Okla. 629, 118 P. 2d 621, and to Conkling's Estate v. Champlin, 193 Okla. 79, 141 P. 2d 569.

Neither of the foregoing cases is of controlling importance in the case at bar. In State ex rel. Marland, Governor, v. Phillips Petroleum Co., supra, the statute, section 107, supra, was quoted, and it was decided that the state was under a moral obligation to carry out its part of an agreement relating to the division of royalties with adjacent property owners. In Conkling's Estate v. Champlin, supra, the statute was not cited or quoted; however, it was decided that Champlin, who advanced money to Mrs. Conkling under the mistaken belief that she needed the same, was entitled to restitution. We said in paragraph 3 of the syllabus that:

"A person who has conferred a benefit upon another solely because of a basic mistake of fact induced by a nondisclosure is entitled to restitution."

Our attention is also directed to Eastman Land & Investment Co. v. Long-Bell Lumber Co., 30 Okla. 555, 120 P. 276; Ball v. White, 50 Okla. 429, 150 P. 901; Dunn v. Thompson, 156 Okla. 169, 9 P. 2d 959; Webb v. Moran, 186 Okla. 140, 96 P. 2d 308, and Petroleum Refractionating Corp. v. Kendrick Oil Co., 65 F. 2d 997, which cases are said to support and apply the rule that any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer

as an inducement to the promisor, is a good consideration for a promise.

The above rule is based upon 15 O. S. 1941 § 106, and does not have any connection with this case, either directly or indirectly.

In our judgment the record in this case supports the view that the money transferred by Kennedy to his sister-in-law, Ella Rogers, was a gift. Miss Rogers was not under either a legal or moral obligation to return the same or to repay any portion thereof when in 1931 she orally agreed to treat the money received as a loan and to draft her will in such a manner that Kennedy would be repaid out of the assets of her estate.

The case of Park Falls State Bank v. Fordyce, 206 Wis. 628, 238 N. W. 516, is cited by plaintiffs. In the case we find the following language:

". . . One ought, in morals, to make return for things of value not intended as a gift that he has accepted, and he ought in morals to do what he knowingly and advisedly gave one acting for his benefit and to his own hurt to understand he would do."

In 24 Am. Jur. 730, para. 2, it is said that:

"A gift has been judicially defined as a voluntary transfer of property by one to another without any consideration or compensation therefor."

The question herein discussed is the subject of annotation in 17 A.L.R. 1299 at 1359 et seq.; 25 A.L.R. 635 and 79 A.L.R. 1346 at 1349 et seq. Moral obligation as the basis of a contractual consideration is also discussed in 12 Am. Jur. 589, para. 96, and 12 Am. Jur. 601 para. 107.

Under the foregoing authorities we conclude that the money furnished by the plaintiff, W. B. Kennedy, to Ella Rogers constituted and was a gift, and that the subsequent oral promise of Ella Rogers to repay the money from her estate was without good consideration.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur. CORN, J., concurs in conclusion.