2001 OK CIV APP 71

**In the Matter of the ESTATE OF Donald L. LOVEKAMP, the same person as Donald Lovekamp, deceased.**

**Louise Lovekamp–Serrato, Appellant,**

v.

**Thomas D. Lovekamp, Personal Representative of the Estate of Donald L. Lovekamp, Deceased, Appellee.**

**No. 95,962.**

Court of Civil Appeals of Oklahoma, Division No. 1.

May 3, 2001.

---

Victor L. Hodge, Edmond, OK, for Appellant.

Mollo G. Leach, Perry, OK, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶ 1 Louise Serrato appeals an order denying her claim against the Estate of Donald L. Lovekamp. Appellant's claim was for $60,000.00 and was denied by operation of law. Pursuant to 58 O.S.1991 § 339, she brought the instant action as an ancillary proceeding in the probate case. This Court's review is *de novo.*

¶ 2 Appellant and the decedent were previously married but had been divorced for eighteen years. She alleged that at the time of the divorce she and decedent entered into an oral agreement that he would pay her $60,000.00. The agreement, she alleged, was "to prevent the forced sale and partition of the ranch and cattle jointly held by the parties." In Appellant's deposition and answers to interrogatories, however, she clarified that the agreement was not entered into at the time of the divorce in 1975, but rather in July, 1981. They did not own any property jointly at that time. The circumstances were that several months after the divorce Appellant and decedent began residing together again. One evening decedent had been feeling ill and, according to Appellant, talked about selling his house and 80 acre ranch. He said he was going to ask $120,000.00 for it. He then gave Appellant a check for $60,000.00 and told her it was for coming back and staying with him after they divorced. He told her that she could cash the check if he sold the property or if something happened to him. The check was dated July 29, 1981. When decedent died in September, 1999, the check, of course, was too old to cash, thus this claim was asserted against the estate.

¶ 3 The Appellant and the Personal Representative of the estate both filed motions for summary judgment. The trial court, in granting the Personal Representative's motion for summary judgment, made numerous findings of fact and conclusions of law. Pertinent findings include that Appellant and decedent were divorced in 1975 after being married for approximately 10 years. The divorce decree awarded all real property to the decedent as his sole and separate property. The divorce decree was not appealed.

There was no mention in the decree of any agreement to give Appellant $60,000.00. These facts were undisputed.

¶ 4 The trial court held that there was no valid contract because there was a lack of consideration. The court stated:

"As a matter of law, under these facts, the decedent giving the claimant a check for $60,000.00 to cash if he sold the place or if something happened to him in consideration of claimant having come back and stayed the rest of the years until 1981, fails as a contract between the parties, as claimant coming back and staying with the decedent until 1981 fails as a past consideration."

The court cited *Johnson v. Hazaleus,* 1959 OK 62, 338 P.2d 345; *Kennedy v. Marshall,* 1945 OK 213, 160 P.2d 397; and, *Intercon Mfg. Inc. v. Centrifugal Casting Machine Co.,* 1993 OK CIV APP 143, 875 P.2d 1149. *Kennedy,* supra, at 398–99 states what has long been the law in Oklahoma.

"By the great weight of authority a past consideration, if it imposed no legal obligation at the time it was furnished, will support no promise whatever; or, as the rule has been stated otherwise, an executed consideration is no consideration for any promise other than that which the law would imply. A past consideration, it is said, is some act or forbearance in time past by which a man has benefitted without thereby incurring any legal liability; if afterward, whether from good feeling or from interested motives, he makes a promise to the person by whose act or forbearance he has benefitted, and that promise is made on no other consideration than the past benefit, it is gratuitous and cannot be enforced; it is based on motive and not on consideration."

¶ 5 Appellant insists that she and the decedent had an express oral contract. Oral or otherwise, consideration is still a necessary element of a binding contract. 15 O.S. 1991 § 2. And as the cited cases show, consideration was lacking which would make this agreement enforceable.

¶ 6 For the reasons discussed, the order granting summary judgment to the Appellee,

Personal Representative of the Estate of Donald L. Lovekamp is affirmed.

¶ 7 AFFIRMED.

¶ 8 ADAMS, P.J., and JOPLIN, J., concur.