Dear Representative Pope,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. May a municipality provide water services free or at areduced rate to residents who are employees or volunteerfirefighters for the municipality?
 2. May a municipality provide water services free or at areduced rate as an additional benefit to residents who areretired employees or volunteer firefighters for a municipality,or the spouses of residents now deceased who were retiredemployees of the municipality or volunteer firefighters of themunicipality?
 3. Does providing free or reduced cost water services toemployees of the municipality and volunteer firefighters who livewithin the service area create a disparity of income vis a visemployees or volunteer firefighters of the municipality who donot live within the service area thereof, to the extent that suchcompensation would violate the laws or Constitution of the Stateof Oklahoma?
 I. Reduced Or Free Water Service For Current Employees And Firefighters
¶ 1 A municipal governing body is vested with the power to "[r]aise revenue, make appropriations, regulate salaries and wages, and all other fiscal affairs of the city, subject to such limitations . . . [of] the Oklahoma Constitution and [the] law[.]" 11 O.S. 2001, §§ 9-108[11-9-108] (2), 10-106 (3), 11-108 (2);see also § 12-106(3). A municipal governing body is also empowered to enact ordinances necessary to establish and operate a fire department. Id. § 29-101. Thus, it may set the amount and form of compensation given to city employees and volunteer firefighters. Providing free or reduced rate water to persons who are current employees or volunteer firefighters would be permissible if the water is part of the compensation given to employees and volunteer firefighters.
 II. Reduced Or Free Water Service For Retired Employees, Firefighters And Their Spouses
¶ 2 The Oklahoma Constitution provides that "taxes shall be levied and collected by general laws, and for public purposes only." Okla. Const. art. X, § 14(A). The Constitution further states, "[t]he Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association, or corporation, or to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association, or individual." Okla. Const. art. X, § 17. These provisions of the Oklahoma Constitution require that any expenditure of public funds be for a public purpose and not a gift. State ex rel. Brown v. City ofWarr Acres, 946 P.2d 1140, 1143 (Okla. 1997). For an expenditure to be for a public purpose it must benefit the public, as opposed to special interests or persons, and consideration must be given. Id. at 1147. To accomplish this, the municipality must show that providing free or reduced water to retired employees, firefighters and their widows and widowers "affect[s] the inhabitants of the state or taxing district as a community, and not merely as individuals." Burkhardt v. City ofEnid, 771 P.2d 608, 611 (Okla. 1989) (quoting Bd. of CountyComm's v. Shaw, 182 P.2d 507, 515 (Okla. 1947)). The Oklahoma Supreme Court has ruled that great deference is to be given to a legislative body's determination that a particular action will serve a public purpose. Brown, 946 P.2d at 1144. Further, it has held that a legislative body's determination of public purpose should be reversed only upon a clear showing that it was manifestly arbitrary, capricious, or unreasonable. Id.
¶ 3 Additionally, a municipality may not offer free or reduced rate water service to persons who have previously retired based upon their prior service because there is no consideration. Consideration, which is a required element for the creation of a binding and enforceable contract, exists when a benefit derived from a bargain is received in return for a payment, promise, detriment, forbearance, loss or responsibility assumed.Burkhardt, 771 P.2d at 611. Past service which has already been compensated cannot serve as consideration for a new enforceable agreement. Estate of Lovekamp v. Lovekamp,24 P.3d 894, 896 (Okla.Ct.App. 2001) (quoting Kennedy v. Marshall,160 P.2d 397, 398 (Okla. 1945)). However, if the employment contract which existed between a municipality and its employees, prior to their retirement, contained a promise by the municipality to provide free or reduced rate water service to that employee or the employee's surviving spouse upon retirement, then the proffered benefit was properly a part of the consideration for which the employee provided services. Otherwise, providing retirees with free or reduced rate water service requires some sort of agreement with present consideration. Whether the parties can effect an agreement with valid, present consideration is a question of fact, and is not the proper subject for an official Opinion of the Attorney General. 74 O.S. 2001, § 18b[74-18b] (A)(5).
¶ 4 A municipality may provide free or reduced rate water to former employees and firefighters and their widows or widowers as long as a public purpose is served and consideration is given. Additionally, a municipality must have offered free or reduced rate water service as a retirement benefit to the retirees while they were employed by the municipality. If these criteria are not met, providing free or reduced rate water would be a constitutionally proscribed gift.[1]
 III. Disparity In Income Between Resident And Non-Resident Employees And Firefighters
¶ 5 You last ask whether a difference in compensation between employees or firefighters who live within a municipality's water service area and those who do not, violates laws requiring equal protection. Equal protection under the law is guaranteed by both the United States and the Oklahoma Constitutions. See
U.S. Const. amend. XIV, § 1; Okla. Const. art. II, § 7. Depending upon the nature of the classification at issue, a state action which creates a classification among similarly situated individuals must pass muster under a standard of either strict scrutiny, heightened scrutiny or rational basis, depending on the nature of the class. Anderson v. Eichner, 890 P.2d 1329, 1340 n. 35 (Okla. 1994). Rational basis is the appropriate standard when a classification is not based upon an inherently suspect classification, such as race or gender, and when it does not involve the exercise of a fundamental right. Id. Because any compensation disparity in the situation you describe involves neither an inherently suspect classification nor the exercise of a fundamental right, the appropriate test to apply is rational basis.
¶ 6 The essential question of the rational basis test is whether the classification is reasonable in light of the government objective. In the situation you describe, a municipality is providing different amounts of compensation based upon whether the individual lives within the municipality's water service area. This distinction is reasonable because the provision of water services is within the control of both the municipality as service provider and employees, who, if they choose to take advantage of the benefit, may live within the service area. Additionally, the distinction is reasonable because it would be impossible for the municipality to provide its water services to an area outside of its service area. Therefore, any difference in compensation between employees who live within the service area and outside the service area does not violation the equal protection guarantees of the United States and Oklahoma Constitutions.
¶ 7 State and federal statutes prohibit discrimination in employment based on a suspect classification such as race or gender. Such statutes would have no bearing on your question because the classification at issue does not fall within their purview. Therefore, any disparity in compensation between employees living within a service area and those living outside such area does not violate a state or federal statute.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A municipality may use its statutory powers to provide freeor reduced rate water to resident city employees and firefightersas long as it is part of the compensation given for servicesperformed for the municipality. 11 O.S. 2001, §§ 9-108(2),10-106(3), 11-108(2), 12-106(3).
 2. A municipality may provide free or reduced rate water toretired resident former employees and firefighters and theirwidows or widowers as long as a public purpose is served andconsideration is given. Burkhardt v. City of Enid,771 P.2d 608, 611 (Okla. 1989). The benefit may not be conferred uponthose who retired prior to its implementation if it is based onlyon previously compensated past service because such service maynot serve as consideration. Whether the parties can effect anagreement with valid, present consideration is a question offact, and is not the proper subject of an official Opinion of theAttorney General. 74 O.S. 2001, § 18b(A)(5).
 3. Providing free or reduced rate water to employees orfirefighters who live within a municipality's service area doesnot violate constitutional guarantees of equal protection.U.S. Const. amend. XIV, § 2; Okla. Const. art. II, § 7.
W.A. DREW EDMONDSON Attorney General Of Oklahoma
D. CASEY DAVIS Assistant Attorney General
[1] Oklahoma statutes also provide a means by which a municipality may provide free or reduced rate water to retirees and their widows or widowers if they are not already part of a retirement system. Title 11 O.S. 2001, §§ 48-101[11-48-101] through 48-106 allows municipalities to provide retirement allowances and other benefits for their employees, their surviving spouses, and surviving children. A system created under this statutory scheme could include providing retirees and their widows or widowers with free or reduced rate water.