### STREVELL v. JONES' ESTATE.

### In re JONES.

(Surrogate's Court, Albany County. January 17, 1905.)

CONTRACTS—CONSIDERATION—NATURAL LOVE AND AFFECTION.

An executory contract, the only consideration for which is natural love and affection, is unenforceable.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 286–290.]

Judicial settlement of the accounts of Alvin Jones as administrator of the estate of Catherine Jones, deceased, in which Emma L. Strevell presented a claim. Claim disallowed.

Alva Seybolt, for claimant.

H. S. McCall, for administrator.

Lester T. Hubbard, for contestant Martha Jones Ireland.

FITTS, S. Mrs. Jones at the time of her death left, her surviving, six children. Prior to her death she had distributed a good portion of her estate to her sons and daughters. To the claimant she had executed and delivered a promissory note, of which the following is a copy:

"Delmar, N. Y., April 15th, 1900.

"One year after date for value received I promise to pay to Mrs. Emma L. Strevell Six hundred dollars with interest from date [$600].

"[Signed]                                                         Catherine Jones."

The note, not having been paid in the lifetime of the deceased, was presented to the executor for payment; and, he having refused payment thereof, and rejected the same, a stipulation was entered into, referring the matter to me for consideration and determination upon the final accounting herein. It appears from the testimony that the moving consideration for the execution and delivery of this instrument was natural love and affection, and that at the time of the execution of the same the payee parted with no money or property therefor. Consequently the consideration, while meritorious, was not pecuniary or valuable, and, being a contract executory in its character, is not enforceable either by action of law or by appeal to a court of equity. Whitaker v. Whitaker, 52 N. Y. 368, 11 Am. Rep. 711. To the same effect, in the matter of Wilbur v. Warren, 104 N. Y. 192, 10 N. E. 263, where, citing with approval Whitaker v. Whitaker, above referred to, the court laid down the following rule:

"It seems to be the general doctrine that an executory agreement, supported only by a meritorious, as distinguished from a valuable or pecuniary, consideration, cannot be enforced either at law or in equity, and an executory covenant falls within the operation of the rule."

This claim is therefore disallowed, and a decree may be entered to that effect.

Claim disallowed, with costs to contestant.