STREVELL v. JONES' ESTATE.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. NOTES—CONSIDERATION—SERVICES.
   Services performed under an express or implied contract to pay therefor, or rendered in expectation of such payment, are a sufficient consideration for a note.

2. CONTRACTS—CONSIDERATION.
   Services rendered gratuitously are not a sufficient consideration to sustain an executory promise.

3. NOTES — CONSIDERATION — DEATH OF MAKER—PRESENTATION OF CLAIM AGAINST ESTATE.
   Where a note was given as a present, without consideration, it was not enforceable against the estate of the maker.

Appeal from Surrogate's Court, Albany County.

Claim by Emma L. Strevell against the estate of Catherine Jones, deceased; and, from a decree (92 N. Y. Supp. 719) disallowing the claim, claimant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Alva Seybolt, for appellant.
Lester T. Hubbard, for respondent.

CHASE, J. On the 15th day of April, 1900, intestate made and delivered to the appellant a promissory note for $600, payable to the appellant one year after date, with interest. She died June 16, 1902, not having paid said note. The appellant duly presented to the administrator of the goods, chattels, and credits of the intestate the claim for the amount of said note and interest. The claim was rejected, and by consent it was heard and determined by the Surrogate's Court on the judicial settlement of the account of said administrator, and it was wholly disallowed.

The intestate died leaving six children, of whom the appellant is one. Previous to giving said note she had given to her children other than the appellant some part of her property. Intestate's husband died on the 5th day of April, 1897, and thereafter she made her home with a son residing in Albany county; but each winter after her husband's death, and prior to giving said note, she had spent with the appellant, in the county of Otsego. The Surrogate's Court found that the note was made for the purpose of effecting a partial distribution of intestate's estate, and wholly in consideration of natural love and affection, and, upon such findings, disallowed the claim, as not enforceable against the intestate's estate. The appellant on this appeal seeks to sustain her claim on the ground that the support and care of the intestate during the winters that she was at the appellant's house constituted a good consideration for the note.

Services performed under an express or implied contract to pay therefor, or rendered in expectation of such payment, are a sufficient consideration for a promissory note; but, when services have been rendered gratuitously, they are not a sufficient consideration to sustain an executory promise. Cyc. 711–731; 6 Am. & Eng. Ency. of Law (2d Ed.) 693; Pomeroy's Equity Jurisprudence (2d Ed.) § 588; Duvoll v. Wilson, 9 Barb. 487; Whitaker v. Whitaker, 52 N. Y. 368, 11 Am. Rep. 711. The intestate spent her winters at the appellant's home at appellant's invitation, and it appears without material contradiction that the board and care of the intestate were furnished gratuitously and without any expectation of receiving pay therefor, and that the real purpose of the intestate in giving the note was not to pay for services performed, but to make appellant a present. The surrogate was right, therefore, in holding that the consideration of the note was meritorious, but not pecuniary and enforceable.

The decree should be affirmed, with costs.