In the Matter of the Claim of EMMA L. STREVELL, Appellant, against the Estate of CATHERINE JONES, Deceased.

MARTHA JONES IRELAND and ALVIN JONES, as Administrator, etc., of CATHERINE JONES, Deceased, Respondents.

*Promissory note — it is sustained by the consideration of services rendered in expectation of such payment therefor — not where the note is a present to a daughter who renders services to her mother without expectation of payment being made therefor.*

Services performed under an express or implied contract to pay therefor or rendered in expectation of such payment are a sufficient consideration for a promissory note, but services rendered gratuitously are not a sufficient consideration therefor.

Where a mother, with intent to make her daughter a present, executes to the latter a promissory note and dies without having paid said note, the fact that such daughter furnished her mother during her lifetime with board and care, will not enable the daughter to enforce the note against her mother's estate when it appears that the board and care were furnished gratuitously and without any expectation of receiving pay therefor.

APPEAL by Emma L. Strevell from a decree of the Surrogate's Court of the county of Albany, entered in said Surrogate's Court on the 27th day of January, 1905, disallowing the appellant's claim against the estate of Catherine Jones, deceased.

*Alva Seybolt,* for the appellant.

*Lester T. Hubbard,* for the respondent Martha Jones Ireland.

CHASE, J. :

On the 15th day of April, 1900, intestate made and delivered to the appellant a promissory note for $600, payable to the appellant one year after date, with interest. She died June 16, 1902, not having paid said note. The appellant duly presented to the administrator of the goods, chattels and credits of the intestate the claim for the amount of said note and interest. The claim was rejected and, by consent, it was heard and determined by the Surrogate's Court on the judicial settlement of the account of said administrator and it was wholly disallowed.

The intestate died leaving six children of whom the appellant is one. Previous to giving said note she had given to her children other than the appellant some part of her property. Intestate's husband died on the 5th day of April, 1897, and thereafter she made her home with a son residing in Albany county, but each winter after her husband's death and prior to giving said note she had spent with the appellant in the county of Otsego. The Surrogate's Court found that the note was made for the purpose of effecting a partial distribution of intestate's estate and wholly in consideration of natural love and affection, and upon such finding disallowed the claim as not enforcible against the intestate's estate. The appellant on this appeal seeks to sustain her claim on the ground that the support and care of the intestate during the winters that she was at the appellant's house constituted a good consideration for the note.

Services performed under an express or implied contract to pay therefor, or rendered in expectation of such payment, are a sufficient consideration for a promissory note; but when services have been rendered gratuitously they are not a sufficient consideration to sustain an executory promise. (7 Cyc. 711, 731; 6 Am. & Eng. Ency. of Law [2d ed.], 693; Pom. Eq. Juris. [2d ed.] § 588; *Duvoll* v. *Wilson,* 9 Barb. 487; *Whitaker* v. *Whitaker,* 52 N. Y. 368.)

The intestate spent her winters at the appellant's home at appellant's invitation, and it appears without material contradiction that the board and care of the intestate were furnished gratuitously and without any expectation of receiving pay therefor, and that the real purpose of the intestate in giving the note was not to pay for services performed, but to make appellant a present. The surrogate was right, therefore, in holding that the consideration of the note was meritorious, but not pecuniary and enforcible.

The decree should be affirmed, with costs.

All concurred.

Decree affirmed, with costs.