Matter of the Estate of ERNEST GUSTAV HOFFMAN, Deceased.

(Surrogate's Court, Westchester County, September, 1919.)

Annuities — an agreement to pay an annuity during lifetime of beneficiary is enforceable — trusts — decedents' estates.

Surrogates' Courts — equitable jurisdiction — Code Civ. Pro. § 2510(3, 4).

An agreement by which decedent bound himself and his personal representatives to pay his wife, from whom he was then living apart, an annuity during her lifetime in specified weekly installments, does not contravene public policy and is enforceable.

Decedent, under a reservation of power, sold certain real estate conveyed by him in trust as security for the payment of the annuity, and in lieu thereof deposited a certain sum of money with the trustee pursuant to the trust deed which the trustee invested in securities which were legal investments for trust funds under the laws of the country in which the deed of trust was executed. The income from these investments being insufficient to meet the weekly installments of the annuity, decedent, during his lifetime, made up the deficiency according to the terms of the trust. No part of the annuity having been paid since his death, the trustee, in order to maintain the widow and in the exercise of his right under the trust deed, sold a part of the principal of the trust fund and treated the proceeds as income. *Held,* that under the deed of trust the widow and trustee had a valid claim against decedent's estate for the future yearly difference between the income secured by the trustee upon the investments of the present principal in his hands and the sum per week required to be paid under the deed of trust.

Upon the judicial settlement of the accounts of the administrator with the will annexed the surrogate had jurisdiction to hear and determine the claim, which must be disposed of under subdivisions 3 and 4 of section 2510 of the Code of Civil Procedure, and the decree to be entered will direct the present trustee to hold, subject to the trust, sufficient principal to produce such yearly difference and file an affidavit showing the present condition of the fund held by the trustee in the country where the deed of trust was executed.

PROCEEDING upon the judicial settlement of the accounts of an administrator with the will annexed and trustee.

Allen P. Hallett, for Adelgunde Mathilde Martina Hoffman, claimant.

Thomas F. J. Connolly, for William D. Sporburg, administrator with the will annexed and trustee of the trusts in said will.

Daniel E. Kelly, special guardian of Amelia Marguerite Norma Hoffman Becker, minor.

Surrogate's Court, Westchester County, September, 1919. [Vol. 108.

SLATER, S. The decedent died April 26, 1908, and his will was admitted to probate November 21, 1908. The proof of the claim of Adelgunde Mathilde Martina Hoffman was filed with the executor of the above-mentioned estate on June 8, 1916. Notice of rejection was served soon thereafter. A stipulation was filed on October 6, 1916, consenting that the claim be heard by the surrogate upon the voluntary intermediate judicial settlement of the account of the executor and trustee, and the claim is now being tried by force of sections 2681 and 2723 of the Code of Civil Procedure. A decree was entered April 10, 1917, in the matter of the said intermediate accounting settling the account and permitting the executor and trustee to resign and appointing a successor trustee to execute the trusts remaining unexecuted under said will. The matter of the claim, however, was not determined by my predecessor in the accounting proceeding and it comes up at the present time before me upon a petition and order to show cause why said claim should not be allowed. The matter of the accounting proceeding is still undetermined so far as this claim is concerned and I have examined the proofs filed in this court by the claimant in support thereof as heretofore presented to the former surrogate.

The claim is founded upon a deed of trust executed by the decedent in London in May, 1901, wherein he agreed for himself, his executors and administrators, to pay to his wife, the claimant herein, from whom he was then living apart, an annuity of £208 during her lifetime, payable £4 per week, and whereby he conveyed in trust certain real estate as security for the performance of the covenant. Pursuant to a power reserved in the deed of trust, the decedent subsequently sold the real estate and deposited with the trustee, in lieu thereof, £4,000 in money which the trus-

tee, pursuant to the deed of trust, invested in securities which were legal investments for trust funds under the laws of England. The income from these investments was paid to the wife from time to time, but as the investments did not yield £4 per week, the decedent during his lifetime made up the deficiency according to the terms of the trust. Since his death nothing has been paid by his executor, and the trustee under the trust deed, in order to maintain the widow, has availed himself of the right given to him in the deed of trust to sell a part of the principal of the trust fund from time to time and treat the proceeds as income. As a consequence, the principal of the trust has been depleted to a considerable extent. By express words the decedent bound himself and his personal representatives. Such an agreement does not contravene public policy and performance of it is enforceable by the courts. *Wilson* v. *Hinman*, 182 N. Y. 408; *Barnes* v. *Klug*, 129 App. Div. 192.

The claimant contends that she is entitled to receive from the estate such a sum of money as represents a weekly installment of four pounds each due and unpaid, less the moneys received by her from the trustee as income or from the sale of principal. She also claims that she is entitled to have restored to the trustee, Sir George Radford, the part of the principal which had been expended to be reinvested by him according to the provisions of the deed of trust.

It has been held in this state that the meritorious consideration arising out of the duty of a husband to support his wife is not sufficient to sustain a promissory note given by the husband to the wife as against collateral heirs or against creditors. The principle is well stated in the opinion delivered in the case of *Whitaker* v. *Whitaker*, 52 N. Y. 368, to the effect that an executory covenant supported only by a meritorious,

Surrogate's Court, Westchester County, September, 1919. [Vol. 108.

as distinguished from a valuable consideration, cannot be enforced at law or equity. *Wilbur* v. *Warren,* 104 N. Y. 192.

In the matter of the present claim, however, we have a case of an executed sale or transfer of real estate. It is not executory. The instant case comes within the principles set out in the case of *Hunt* v. *Johnson,* 44 N. Y. 27, which was a case of an executed sale or transfer of real estate, and the court held that natural affection is a sufficient consideration to uphold an executed conveyance. The principle of this case has been followed in *Diefendorf* v. *Diefendorf,* 8 N. Y. Supp. 617; affd., 132 N. Y. 100.

The question of the validity of a claim founded upon a promise to pay at some future day is discussed in *Matter of James,* 146 N. Y. 78, and the principle laid down in the cases of *Whitaker* v. *Whitaker* and *Hunt* v. *Johnson* distinguished. Therefore, I must hold that the claim of the widow and trustee under the deed of trust is a good and valid claim against the estate of the decedent.

It is contended, however, by the successor trustee that this court is without jurisdiction to hear and determine the equitable question herein. This was true prior to chapter 576 of the Laws of 1910. *Matter of Runk,* 200 N. Y. 447; *Matter of Bunting,* 98 App. Div. 122; *Barnes* v. *Klug,* 129 id. 192; *Hastrich* v. *Pilcher,* 171 id. 470; *Matter of Kent,* 92 Misc. Rep. 113.

Surrogate Fowler, in *Matter of Kent,* expressed doubts as to the power of the legislature to enlarge the equitable jurisdiction of the surrogates of the state. The jurisdiction conferred upon the Surrogates' Courts by section 2510 of the Code must be assumed by the surrogates, and the constitutionality of the section must be left to the more deliberate consideration of an appellate court. *Matter of Thorn-*

*burgh,* 72 Misc. Rep. 619; *Matter of Brewster,* 92 id. 339.

In exercising the equitable jurisdiction conferred by section 2510 it has been held that the Surrogate's Court is confined to the cases and to the manner of exercising such jurisdiction as therein particularly specified and all general phrases in the statute must yield to the particular specifications contained therein, and the Court of Appeals has confined such grants of equitable powers to the few instances particularly specified in subdivisions 1 to 8 of section 2510 of the Code. *Matter of Holzworth,* 166 App. Div. 150; affd., 215 N. Y. 700.

This court will presume to hold that it has jurisdiction until an appellate court shall find otherwise. Justice Thomas, writing for the second department, in *Matter of Coombs,* 185 App. Div. 312, held that surrogates had jurisdiction under sections 2510 and 2681 of the Code, upon the judicial settlement of an estate, to hear and determine the rejected claim, which is in effect that the testator at his death had or should have had property which he was obligated to transmit by his will to the claimant, and used the following words: "The unconditioned power to determine the claim upon judicial settlement is of recent origin, and is accompanied by the jurisdiction conferred by section 2510 of the Code of Civil Procedure, viz.: ' To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and com-

plete disposition of the matter by such order or decree as justice requires.' The language is so comprehensive that in association with section 2681 it sweeps away all constraints upon the surrogate's jurisdiction, and the necessity of multiplying remedies in the distribution and transfer of a decedent's property to whomsoever it belongs or should be delivered. The policy of securing unity of administration of a decedent's estate should result in expedition and thrift, and demands varied and highly informed judicial capacities. The State has empowered surrogates in unmistakable language, and it is not the function of the courts to discover or to fashion reasons for thwarting the manifest policy.''

While the opinion does not refer to the constitutional question, it clearly holds that this court has jurisdiction to hear and determine the claim presented in the instant case.

In *Matter of Malcomson,* 188 App. Div. 600, 603, Justice Dowling, speaking for the Appellate Division, first department, on the powers of surrogates, says: '' By chapter 443 of the Laws of 1914, the Legislature enacted an entire revision of the sections of the Code of Civil Procedure relative to Surrogates' Courts and the proceedings therein. Section 2510, contained therein, so far as it is material to the present question, reads as follows: ' Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate by special provision of law, jurisdiction as follows: To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supple-

mental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.'

" And in the cases and in the manner prescribed by statute:    *    *    *

" 3.  To direct and control the conduct, and settle the accounts, of executors, administrators, and testamentary trustees;    *    *    *

" The preliminary grant of power is broader than that contained in sections 2472 and 2472-a, which formed the basis for the new section.

" It seems to me that the action taken by the surrogate comes clearly within the general grant of power and jurisdiction to him by the Legislature, and that as the proceeding in which the order is made is one of the eight classes of proceedings enumerated in the section in which such jurisdiction may be exercised, his order was warranted and valid.    *    *    *

" The very purpose of the grant of power and jurisdiction to the surrogates, both in 1910 and 1914, was to enable them, in the eight classes of proceedings enumerated in section 2510, to try and decide every issue, whether legal or equitable, which was necessary to be decided in order to make a final decree or order. Thus a proceeding of the kind indicated, once begun in the Surrogate's Court, would proceed to a final order or decree therein, without being halted and final decision postponed in order that a suitable action might be brought in the Supreme Court to dispose of some question directly affecting the subject-matter then pending before the surrogate.

" The assignment in question necessarily and vitally affects the disposition to be made of the executors' accounts and the distribution to be made of the decedent's estate.  No decree or order could be made settling the account or directing a distribution until the

Surrogate's Court, Westchester County, September, 1919. [Vol. 108.

validity of the assignment had been determined. My conclusion, therefore, is, that the surrogate had power and jurisdiction to make the order appealed from.''

The decision in *Matter of Mondshain,* 186 App. Div. 528, is not in conflict with the opinion of Justice Dowling, because the proceeding mentioned in the *Mondshain* case is not one of the eight enumerated classes mentioned in section 2510 of the Code.

The claim herein must be disposed of under the powers of subdivisions 3 and 4 of section 2510 of the Code. This cannot be done, however, unless the court hears the facts relating to the claim. The claimant herein has a right to a hearing and determination in this court.

I take it from the proofs presented that the beneficiary of the trust has received from the trustees of the deed of trust the amount due her under the deed of trust up to the present time. She is seeking through this claim, however, to have the court direct that the principal, which has been depleted, be supplied in order to meet the requirements of the deed of trust. Upon the death of the claimant the principal in the hands of the trustee becomes a part of the general estate of the decedent.

I will admit the claim against the estate to the future yearly difference between the income secured by the trustee of the deed of trust upon the investments of the present principal in his hands and the four pounds per week required to be paid under the deed of trust. I shall direct the present trustee to hold in his hands, subject to this trust, sufficient principal to produce such yearly difference, file an affidavit indicating the present condition of the fund held by the trustee in England, and let order be entered as above directed.

Decreed accordingly.