402 P.2d 973

E. D. MOON and Marilyn Moon, husband and wife, and C. Eugene Moon and Audrey F. Moon, husband and wife, Plaintiffs-Appellants,

v.

Glenn BREWER and Nell Brewer, husband and wife, Defendants-Respondents.

No. 9569.

Supreme Court of Idaho.

June 7, 1965.

Annest & Hibbert, Burley, and Kramer, Walker, Pope & Plankey, Twin Falls, for appellants.

Dean Kloepfer, Burley, and Charles Herndon, Salmon, for respondents.

TAYLOR, Justice.

In September, 1961, plaintiffs (appellants) E. D. Moon and Marilyn Moon entered into a contract for the purchase of real and personal property from defendants (respondents). Plaintiffs (appellants) C. Eugene Moon and Audrey F. Moon later pledged certain property to respondents as security for performance.

In November, 1963, plaintiffs brought this action against the vendors, alleging five claims for relief: by count one plaintiffs sought rescission of the contract and restitution, alleging that they had been induced to enter into the contract by fraudulent representations made by defendant Glenn Brewer; by count two plaintiffs alleged in the alternative a claim for damages resulting from the fraud alleged in count one; by count three plaintiffs sought damages arising out of the loss of a resale of the property to a third party, occasioned by defendants' refusal to consent thereto; by count four plaintiffs sought damages arising out of wrongful conduct on the part of defendant Glenn Brewer in interfering with and disrupting the business being conducted by plaintiffs on the property described in the contract; and by count five plaintiffs alleged the conduct of defendant Glenn Brewer was malicious, and prayed punitive damages.

Defendants filed a motion to dismiss, on the ground that the complaint and each count therein failed to state a claim upon which relief could be granted. After hearing the motion, the court rendered a memorandum decision in which it was held that the complaint should be dismissed for the failure of the plaintiffs to elect between the remedies of rescission and damages.

In support of its ruling the court cited, and respondents in their brief also cite, authorities, including Thomas v. Gordon, 68 Idaho 254, 192 P.2d 856 (1948); McLeod v. Stelle, 43 Idaho 64, 249 P. 254 (1926); Rischar v. Shields, 26 Idaho 616, 145 P. 294 (1914); Breshears v. Callender, 23 Idaho 348, 131 P. 15 (1913); for the proposition that one induced to enter into a contract by fraud may elect to rescind the contract and sue for restitution, or affirm the contract and sue for damages. It is true that a defrauded party may make such an election, but it does not follow that he may be compelled to do so. It is only double

recovery which the law forbids. The old rule requiring an election of remedies was repudiated in this state before the adoption of the present rules of civil procedure. Galvin v. Appleby, 78 Idaho 457, 305 P.2d 309 (1956).

Under our present rules, a party is expressly authorized to plead his various claims against the opposing party as was done by the plaintiffs in this case. IRCP 8(e) (2) provides:

"A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. All statements shall be made subject to the obligations set forth in rule 11."

IRCP 18(a) expressly authorizes the joinder of claims whether independent or alternate, legal or equitable, or both. These rules are identical with the parallel federal rules. The following statement in Bernstein v. United States, 256 F.2d 697, at 706 (10th Cir.1956), is applicable here:

"Whatever may be said for the common law doctrine of election of remedies before the advent of the Federal Rules of Civil Procedure, we are certain that there is no room for its application under applicable rules of procedure, according to which every pleading is a simple, concise statement of the operative facts on which relief can be granted on any sustainable legal theory 'regardless of consistency, and whether based on legal or on equitable grounds or on both'; Rule 8(e) (1) (2) F.R. Civ.P., and, where the prayer or demand for relief is no part of the claim and the dimensions of the lawsuit are measured by what is proven."

Plaintiffs were entitled to allege and go to trial upon their claims for both rescission and damages. The ultimate relief, if any, to be attained by them would depend upon their proof. Full satisfaction attained by means of one of the alternate remedies would eliminate the other.

At least four of the counts appear to state claims upon which relief may be granted. We do not determine the sufficiency of the pleading of the individual counts of the complaint, for the reasons that (1) the trial court did not rule upon such issues, and (2) any defects in the in-

dividual counts may be supplied by amendment.

 Defendants contend that Nell Brewer, wife of defendant Glenn Brewer, is not a proper party as to claims based upon the personal conduct of Glenn Brewer. She is a necessary party to the alternative claims for rescission and damages where her interest in community property may be affected. As to the others, she may be joined even though it may develop that a personal judgment cannot be entered against her. IRCP 18(a), 19(a), 20(a).

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the complaint.

Costs to appellants.

McQUADE, C. J., and McFADDEN, SMITH and KNUDSON, JJ., concur.