451 P.2d 535

Lloyd W. COLLORD, Jr., Eugena Clark, Harry Worden Collord, and Donald Adrian Collord, Plaintiffs-Appellants,

v.

Olive Admyers COOLEY, as Executrix of the Estate of Louella Grace Collord, Deceased, Helen Virginia Smith and Doris Jeanette Kingsbury, Defendants-Respondents.

No. 10131.

Supreme Court of Idaho.

March 11, 1969.

Smith, Miller & Weston, Caldwell, for plaintiffs-appellants.

Alexanderson, Davis & Rainey, Caldwell, for defendants-respondents.

McFADDEN, Justice.

The plaintiffs, who are four of the five children of Lloyd W. Collord and Louella Grace Collard, both of whom are deceased, instituted this action seeking specific performance of an alleged oral contract, under the terms of which each of their parents allegedly, on December 24, 1959, executed mutual and reciprocal wills. The defendants in the action are the executrix of the estate of Louella Grace Collord, deceased, Helen Virginia Smith (the other child of Mr. and Mrs. Collord), and a granddaughter of the decedents.

The alleged mutual wills of Mr. and Mrs. Collord, the deceased parents, are identical in all material respects, and left their estate to the surviving spouse, except for a specific $500 bequest. In the event that the spouse had predeceased the testator, the property was bequeathed to their children by specific bequest.

Mr. Collord died January 23, 1960, and his will was presented to the probate court

for probate. His estate, which was probated in accordance with the terms of that will, was distributed to his surviving widow, Mrs. Louella Grace Collord. On February 7, 1961, Mrs. Collord revoked her will of December 24, 1959, and executed a new will specifically disinheriting the plaintiffs. After a specific charitable bequest by this subsequent will, the testatrix devised and bequeathed the remainder of her estate equally to her daughter, Helen Virginia Smith, and to her granddaughter, Doris Jeanette Kingsbury, defendants herein.

Mrs. Collord died on March 5, 1966 and her will was admitted to probate. No claim was filed on behalf of the appellants against the estate, but on August 3, 1966, the present action was instituted. The appellants' complaint is based upon two theories. First, it alleges the existence of an oral contract between the appellants' parents as promisors and the appellants as promisees, appellants contending that under the terms of such agreement the parents, in consideration of the various services which the appellants had rendered to them over a period of years, executed mutual and reciprocal wills devising their estates to appellants. The appellants also contend that their complaint adequately alleged, as a second theory for recovery, that they are third party beneficiaries of a contract between their parents, under the terms of which their parents agreed to execute irrevocable mutual and reciprocal wills devising their estate to their children. The respondents, on the other hand, maintain that the complaint proceeds solely on the theory of a single contract between the parents and the appellants.

Respondents, by their answer to the complaint, denied that there was any contract between the appellants and their parents and also denied that the wills executed on December 24, 1959 were mutual and reciprocal wills. Additionally the respondents' answer presented several affirmative defenses. It alleged that, if there was any agreement between the appellants and the parents, that such agreement was not supported by adequate consideration and that any services performed by appellants as consideration for the agreement were gratuitous or fully compensated. The answer also presented as affirmative defenses the statute of frauds (I.C. § 9–505), that no claim had been presented pursuant to I.C. § 15–604, and further that the appellants had an adequate remedy at law and hence the extraordinary remedy of specific performance should be denied.

Respondents took the depositions of the respective appellants, and on the basis of these depositions moved for summary judgment. In opposition to the motion, the appellants submitted the deposition of Marvin Barnes. The trial court granted respondents' motion and entered summary judgment for respondents, from which judgment this appeal was perfected.

Two issues are presented by this appeal, the first being the propriety of the summary judgment on appellants' theory of the existence of a contract between their parents and themselves, and the second being the propriety of the summary judgment on appellant's theory that they are third party beneficiaries of a contract between their parents to devise property to the appellants.

■ It is fundamental that a summary judgment may properly be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). Merrill v. Duffy Reed Const. Co., 82 Idaho 410, 353 P.2d 657 (1960); Malone v. Continental Life & Accident Co., 89 Idaho 77, 403 P.2d 225 (1965); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965); Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965). Here a factual issue is presented by the pleadings. Appellants by their complaint allege the existence of a contract between their parents and themselves which should be specifically performed in their favor. The existence of such a contract is denied by respondents in their answer. Resolution of this issue of fact, however, is rendered immaterial by

the answer of the respondents which sets forth an affirmative defense as to this issue. Respondents contend that even if there were a contract between the appellants and their parents, such a contract is not supported by a sufficient valuable consideration, and that they are entitled to summary judgment on the basis of the record before the trial court which establishes this affirmative defense.

Although this question has not been previously presented to this court, numerous federal decisions have held that if a party moves for summary judgment on the basis of an affirmative defense which entitles him to judgment as a matter of law, and if there is no genuine dispute of material fact as to that defense, even though a dispute of fact may exist as to the merits of the plaintiff's claim, summary judgment should be granted. Dam v. General Electric Co., 265 F.2d 612 (9th Cir. 1958); Gifford v. Travelers Protective Ass'n of America, 153 F.2d 209 (9th Cir. 1946); Rohner v. Union Pacific R. R. Co., 225 F.2d 272, 61 A.L.R. 2d 337 (10th Cir. 1955); Altman v. Curtiss-Wright Corp., 124 F.2d 177 (2d Cir. 1941); De Luca v. Atlantic Ref. Co., 176 F.2d 421 (2d Cir. 1949); Howell v. Allied Mut. Cas. Co. of Des Moines, Iowa, 197 F.Supp. 378 (D.C.1961). See also 3 Barron and Holtzoff, Federal Practice and Procedure §§ 1244–1246, pp. 203–212 (Rules ed. 1958); 6 Moore's Federal Practice, § 56.17[4], pp. 2491–2494, wherein it is stated at p. 2493 that "a defendant would be entitled to summary judgment on the basis of one good affirmative defense that does not involve a triable issue of fact * * *." See also Annot. 61 A.L.R.2d 341 and Annot. 95 A.L.R.2d 648.

Respondents moved for summary judgment on the ground that they are entitled to judgment as a matter of law on all issues presented by the pleadings. This motion was supported by the depositions of the various appellants wherein each of the appellants testified as to the various services he performed for his parents over a period of several years. These depositions unequivocally reflect that the services rendered by the individual appellants were all rendered prior to any alleged contract by the parents to devise property to them. Harry Collord testified that he had worked on his parents' farm in Black Canyon during 1949 and 1950 and had performed services on the home farm. Eugena Clark testified that she cared for her mother during her mother's illness at various times over the years. Lloyd Collord, Jr., testified that he leveled land and farmed for his parents from 1943 until 1956, and Donald Adrian Collord testified that he worked with his brothers and sisters while living at his parents' home prior to 1942.

▪ Appellants alleged that their parents entered into a contract with them in 1959 in consideration of these past services. Respondents in their motion for summary judgment contend that such a contract is not supported by consideration and that the respondents are therefore entitled to summary judgment as a matter of law. It is our opinion that respondents are correct in this regard. It is well settled that absent an understanding at the time services are rendered that compensation will later be paid for such services, a subsequent promise to pay for them is unenforceable for lack of consideration:

"A promise is never held to be made enforceable by reason of past events unless those events have such a relation to the promise as to constitute its inducing cause. They need not be the sole inducement of the promise; but they must at least be one of the major inducing factors. The events of the past are uncounted; comparatively few of them are known to any promisor; and, even of those that are known to him, few indeed can truly be said to be an inducing factor in the making of any subsequent promise." (Corbin on Contracts, § 210, p. 303 (one vol. ed. 1952)).

The great majority of the case law has reached this conclusion. In Williams v. Moss, 114 W.Va. 488, 172 S.E. 529 (1933), the court denied recovery on a promissory note given for past services, saying:

"* * * it may safely be asserted that past services, rendered under circum-

stances showing them to have been intended at the time to be gratuitous and to eliminate the expectation on the part of those rendering the services that they should be paid for and on the part of him to whom they were rendered that he should pay for them, are not sufficient to sustain a subsequent promise to pay. 172 S.E. at 530.

To the same effect are Dullard v. Schafer, 251 Iowa 274, 100 N.W.2d 422 (1960); Meyer v. Meyer, 379 Ill. 97, 39 N.E.2d 311, 140 A.L.R. 484 (1942); Strevell v. Jones' Estate, 106 App.Div. 334, 94 N.Y.S. 627 (1905); Eatmon v. Penland, 119 Okl. 180, 249 P. 387 (1926). See also Community Sports, Inc. v. Denver Ringsby Rockets, Inc., 429 Pa. 565, 240 A.2d 832 (1968); Osborne v. Locke Steel Chain Co., 153 Conn. 527, 218 A.2d 526 (Conn.1966). It is also stated in Annot. 140 A.L.R. 491 at 493 that

"There are a number of cases in which, although there does not appear to be any affirmative showing of an intent that the services should be gratuitous, the courts have nevertheless held, there being nothing to show any agreement or intention as to payment, that past services by a relative or member of the family are insufficient consideration for a subsequent note or other promise to pay for the services. In some of these cases, but not in others, mention is made of the presumption that services rendered within the family are gratuitous."

In the present case there is nothing to support a theory that at the time the services were rendered by the appellants there was a contemporaneous agreement to pay for them by devising property to the appellants. Absent proof of such an agreement, it is presumed that services rendered by one member of a family to another are gratuitous. Wasson v. Wasson, 73 Idaho 359, 253 P.2d 236 (1953); Shurrum v. Watts, 80 Idaho 44, 324 P.2d 380 (1958). Since it is not disputed that the appellants and their parents did not enter into the alleged contract until 1959, and there being no allegation on the part of the appellants that there was any agreement executed contemporaneously with the services to pay for them, it appears that there is no genuine issue of material fact in regard to the respondents' affirmative defense.

Lloyd Collord, Jr. testified in his deposition that he reconveyed a farm to his parents in return for his parents' promise to pay him $5,000.00. He contends that his parents later entered into the contract to make mutual and reciprocal wills to satisfy this obligation. Even assuming, however, that the agreement to pay for the reconveyance was executed contemporaneously with the conveyance, thus avoiding the respondents' affirmative defense of past consideration, nevertheless, the $5,000.00 debt can be measured by a pecuniary standard and respondent has an adequate remedy at law for its recovery. It is well settled that equity will grant specific performance of an oral contract to devise real estate only in the absence of an adequate remedy at law. Andrews v. Aikens, 44 Idaho 797, 260 P. 423, 69 A.L.R. 8 (1927).

It is the conclusion of the court that as to appellants' theory of a contract existing between themselves and their parents respondents were entitled to summary judgment as a matter of law.

The next issue requiring consideration is presented by the appellants' contention that their parents executed the alleged mutual and reciprocal wills on December 24, 1959, pursuant to the terms of an agreement between themselves, of which agreement the appellants are the third party beneficiaries. Appellants assert that by this agreement their parents agreed to create irrevocable mutual and reciprocal wills devising their estates to their children and that such agreement should be specifically enforced. It is our conclusion that such a theory is adequately presented by the appellants' complaint. Under the modern form of pleading a complaint need not state the specific legal theories upon which the plaintiff relies. A simple, concise statement of the operative facts is sufficient. As this court stated in Moon v.

Brewer, 89 Idaho 59, 402 P.2d 973 (1965), quoting with approval from Bernstein v. United States, 256 F.2d 697, 706 (10th Cir. 1956),

"Whatever may be said for the common law doctrine of election of remedies before the advent of the Federal Rules of Civil Procedure, we are certain that there is no room for its application under applicable rules of procedure, according to which every pleading is a simple, concise statement of the operative facts on which relief can be granted on any sustainable legal theory \* \* \*." 89 Idaho at 63, 402 P.2d at 975.

■ In their complaint appellants alleged the execution of mutual and reciprocal wills by their parents. Such an allegation presents an issue as to the intent with which the testators executed those wills. By the greater weight of authority, mutual and reciprocal wills are revocable, even after the acceptance of benefits by one of the testators, absent an agreement or contract between the parties to make the wills irrevocable. Even then, strictly speaking, it is the contract, and not the wills, which is irrevocable. In re Isaacson's Estate, 77 Idaho 12, 285 P.2d 1061 (1955); Tips v. Yancey, 431 S.W.2d 763 (Tex.1968); Sipple v. Zimmerman, 39 Wis.2d 481, 159 N. W.2d 706 (1968); Wimp v. Collett, 414 S. W.2d 65 (Mo.1967); Powers v. Perry, 144 N.W.2d 402 (Iowa 1966); See also Annot. 169 A.L.R. 9.

Respondents by their answer denied that the parents executed mutual and reciprocal wills, thus presenting a factual issue. Respondents also presented two affirmative defenses relevant to the appellants' theory of an agreement between their parents, i. e., that the contract was one to create an interest in real estate and was required to be in writing; and that none of the respondents prosecuted a claim against the estates of either of their parents as required by I.C. § 15–604, and hence they are barred from maintaining the present action.

■ In regard to the first mentioned affirmative defense—that the contract was one required to be in writing—this court has held that where one party to an oral contract creating an interest in real property has rendered his promised performance, the contract is enforceable in equity. Bedal v. Johnson, 37 Idaho 359, 218 P. 641 (1923); White v. Smith, 43 Idaho 354, 253 P. 849 (1926); I.C. § 9–504. Here Mr. Collord died without revoking his will of December 24, 1959 leaving his estate to his widow, Mrs. Collord. Such would be sufficient to render a contract to make irrevocable mutual and reciprocal wills enforceable in equity, if such a contract is found to exist.

■ As concerns the second affirmative defense—that claims were not filed pursuant to I.C. § 15–604—that provision deals with claims of creditors and others similarly situated. It does not deal with rights of persons claiming property under irrevocable, mutual and reciprocal wills. In the case of In re Isaacson's Estate, supra, this court held that the very question raised by appellants in the present action—whether a survivor's acceptance of benefits under mutual and reciprocal wills created an irrevocable contract—was not properly raised in the probate court. Rather, this court held such an issue must be raised in an equitable action on the contract in the district court.

■ Inasmuch as neither of respondents' affirmative defenses warrants the granting of summary judgment as a matter of law, the remaining question is whether there is a genuine issue of material fact as to the existence of a contract between Mr. and Mrs. Collord to execute irrevocable mutual and reciprocal wills. If there are issues of fact to be resolved, or if resolution of the controversy requires a determination of the credibility of a witness or the weight to be afforded certain testimony, summary judgment must be denied. Merrill v. Duffy Reed Const. Co., 82 Idaho 410, 353 P.2d 657 (1960); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965); Ander-

son v. Smith Frozen Foods of Idaho, Inc., 83 Idaho 494, 365 P.2d 965 (1961); In re Killgore's Estate, 84 Idaho 226, 370 P.2d 512 (1962).

The allegations of the complaint and the denials of the answer raise a factual issue on the face of the pleadings alone. Respondents contend, however, that the summary judgment was properly granted on this theory because appellants have failed to come forward with clear and convincing evidence establishing the existence of the contract between the parents. This argument, however, misconstrues the role of a summary judgment. The burden is upon the party moving for summary judgment—the respondents here—to establish that there is no genuine issue of material fact. Christiansen v. Rumsey, 91 Idaho 684, 429 P.2d 416 (1967).

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law.

"The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." 6 Moore's Federal Practice, § 56. 15 [3], pp. 2335–2336 (2d ed. 1966).

Moreover, this court has consistently held that upon a motion for summary judgment all doubts are to be resolved against the moving party. Merrill v. Duffy Reed Constr. Co., supra; In re Killgore's Estate, supra; Deshazer v. Tompkins, supra; Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966).

It is our opinion that the factual issue as framed by the averments and denials of the pleadings was not dispelled by the depositions submitted by the respondents. None of the supporting materials submitted by respondents contradict the appellants' allegation that their parents contracted to make mutual and reciprocal wills.

The respondents contend that I.C. § 9–202(3), renders the appellants incompetent to testify at any trial of this matter as to any communications with their parents and that the testimony of Mr. Barnes concerning the existence of mutual and reciprocal wills is inadmissible hearsay. The respondents argue that for these reasons it is impossible for the appellants to prevail at a trial on the merits and that therefore the summary judgment was proper. Possibly the appellants will fail in a trial of the merits, but that question is not now before us. It is not intended in this opinion to express any conclusion as to the admissibility of any evidence or as to the validity of the appellants' claim. We hold only that the respondents, having failed to prove the absence of any genuine dispute of fact, were not entitled to summary judgment on appellants' second cause of action. In any event, it is well settled that the possibility that the party opposing summary judgment might not prevail at trial is not sufficient to authorize a summary judgment against him. Cox v. English-American Underwriters, 245 F.2d 330 (9th Cir. 1957); United Pac. Ins. Co. v. United States, 296 F.2d 160 (8th Cir. 1961); National Screen Serv. Corp. v. Poster Exch., Inc., 305 F.2d 647 (5th Cir. 1962); Wright, Federal Courts, § 99, p. 388 (1963).

The summary judgment is affirmed insofar as it dismissed appellants' claim based upon a contract between their parents and themselves. The judgment is reversed, however, insofar as it dismissed the appellants' claim that their parents, pursuant to a contract between themselves, executed irrevocable mutual and reciprocal wills, and the case is remanded to the district court for further proceedings.

Costs to appellants.

McQUADE, DONALDSON and SPEAR, JJ., and PRATHER, District Judge, concur.