580 P.2d 72

STATE TAX COMMISSION,
Plaintiff-Respondent,

v.

WESTERN ELECTRONICS, INC., a corporation, dba Freight Outlet, Steve Brown, Mike Brown and Pat Brown, Defendants-Appellants.

No. 12466.

Supreme Court of Idaho.

June 5, 1978.

Rehearing Denied June 30, 1978.

Dennis L. Cain of Sallaz, Scanlan, Beer & Cain, Boise, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., Dean W. Kaplan, Asst. Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

In November 1972, Steve Brown, as president of Western Electronics, Inc. d/b/a Freight Outlet (a Nevada corporation with its principal place of business in Utah), applied for an Idaho sales tax permit. A permit was issued to Western Electronics, Inc. d/b/a Freight Outlet. The application listed Steve Brown, Mike Brown, and Pat Brown as the officers of Western Electronics, Inc.

Freight Outlet filed sales tax returns (Steve Brown signed the returns) each month from September 1974 through February 1975, indicating that sales tax was collected from customers during this period. The sales tax collected has not been paid to the state. The State Tax Commission on August 28, 1975 sent a Notice of Deficiency Determination to each of the defendants by certified mail. No protest to this deficiency was filed.

On May 28, 1976 a complaint was filed in district court by the State Tax Commission against Western Electronics, Inc. d/b/a Freight Outlet, and individually against Steve Brown, Mike Brown, and Pat Brown. Personal service was obtained on all defend-

ants in Utah. Although on June 17, 1976 an appearance was entered by defendants' attorney, no answer to the complaint was ever filed. On September 22, 1976 the State Tax Commission moved for summary judgment, pursuant to I.R.C.P. 56(b).

Defendants filed an affidavit in opposition to this motion. The sole basis given for the opposition was that the State Tax Commission had failed to name a party necessary to the suit, that party being Boise Freight Outlet, Inc., an Idaho corporation.

On October 18, 1976, after a hearing, the trial court issued an order granting the motion for summary judgment. Defendants appeal this order, now contending they are not the proper parties who have a duty to account for the taxes.

■ Summary judgment should be granted only when the pleadings, depositions, admissions, and affidavits, liberally construed in favor of the party opposing the summary judgment, show that no genuine issue as to any material fact exists. I.R. C.P. 56(c); *Salmon Rivers Sportsman Camps, Inc. v. Cessna Aircraft Co.,* 97 Idaho 348, 544 P.2d 306 (1975).

Defendants admit that Western Electronics, Inc. is clearly liable for the owing taxes. However, defendants on appeal contest the individual liability of Steve, Mike, and Pat Brown. Defendants specifically cite I.C. § 63–3627(a)[1] as requiring the state to prove the individual as having "the duty to account for and pay over any tax imposed by this act" before that person can be found liable for taxes owing. For the first time on appeal the defendants contend that state has not shown which, if any, of the individual defendants had that duty.

■ The sales tax permit was granted to Western Electronics, Inc. on the application of Steve Brown, the president. The sales tax returns (filed on the sales tax permit number issued to Western Electronics, Inc.)

were signed by Steve Brown as president. Defendants now contend that Boise Freight Outlet, Inc. is the actual party owing taxes and that the State Tax Commission should be suing that corporation. A sales tax permit is not assignable and is valid only for the person in whose name it is issued. I.C. § 63–3620(b). Western Electronics could not transfer this liability to another person or corporation.

■ Steve Brown, Pat Brown, and Mike Brown were all listed as officers of Western Electronics, Inc. on the sales tax permit issued to Western Electronics, Inc. d/b/a Freight Outlet. Because they were listed as officers, they were each sent by certified mail a Notice of Deficiency Determination pursuant to I.C. § 63–3629. Any taxpayer served with a Notice of Deficiency Determination has thirty days to protest this determination. I.C. §§ 63–3631(a), 3632(a).

If the taxpayer does not file a protest with the state tax commission or an action in the district court within the time prescribed in the first subsection of this section, the deficiency shall be assessed and shall become due and payable upon notice and demand from the state tax commission.

I.C. § 63–3632(b).

The deficiency upon which the complaint here is based was not protested within the thirty days as prescribed. Steve, Mike, or Pat Brown have not, at any time, contested any lack of notice or service upon them.

The deficiency has "hardened" because of the passage of time without protest. Therefore, Steve, Mike, and Pat Brown cannot now be heard to deny liability when that issue was not raised before.

California has previously ruled, in a case involving a nearly identical statute and a similar fact situation, that a taxpayer cannot complain of errors in computation of tax liability "when it refused to avail itself of its administrative remedies to prevent or

1. 63–3627. Responsibility for taxes—Corporations.—(a) Every person with the duty to account for and pay over any tax imposed by this act on behalf of a corporation as an officer or employee of the corporation or on behalf of a partnership as a member or employee of a partnership shall be personally liable for payment of such tax, plus penalties and interest, if he fails to carry out his duty.

correct such errors." *People v. West Pub. Co.*, 35 Cal.2d 80, 216 P.2d 441, 445 (1950); California Revenue & Taxation Code § 6561 (Deering 1975).

In *West*, the defendant did not protest the liability within the thirty day period and therefore was barred from claiming in court that it was not liable for the tax owed.

Steve Brown, Mike Brown, and Pat Brown are each personally liable for the tax owed. The district court order granting summary judgment is affirmed.

Costs to respondent.

SHEPARD, C. J., and McFADDEN and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

This case was improperly decided by summary judgment disposition without due regard for the limited purpose of such proceedings. In *Collord v. Cooley*, 92 Idaho 789, 451 P.2d 535 (1969), this Court stated:

"The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, *which, under applicable principles of substantive law, entitle him to judgment as a matter of law.*" (Emphasis added.)

92 Idaho at 795, 451 P.2d at 541.

The complaint alleged as to the liability of the individual defendants:

Steve Brown, Mike Brown and Pat Brown, as officers of the Western Electronics, Inc., *were held individually liable* for sales tax, penalty and interest to date in the amount of $6,348.02 owing by Western Electronics, Inc., to the State of Idaho under *Idaho Code* § 63–3627 . ..

The motion for summary judgment stated only

There is no genuine issue as to any material fact and Plaintiff is entitled to judgment *as a matter of law* on the un-

disputed facts appearing in the Complaint and records submitted therein.

with the supporting affidavit saying only

Western Electronics, Inc., a corporation, dba Freight Outlet, Steve Brown, Mike Brown and Pat Brown have not paid any of the sales taxes assessed them pursuant to the Notice of Deficiency Determination dated August 28, 1975.

The only "records submitted" were those papers attached to the complaint, being Western Electronics' monthly sales tax returns for September, 1974, through February, 1975, totalling $5,138.97, none of which amounts were paid with the return, and notices of tax deficiency assessment and demand for penalty ($978.67) and for interest ($230.38). The notices were addressed to these individual defendants and Western Electronics, Inc., all at a Boise address on Fairview Avenue. The record is silent as to whether Western Electronics was still in business at that address or at all when the notices were mailed, but the mailing was some six months after the final tax return was received.

The plain and only thrust of the Tax Commission's claim against the individual defendants was that they and each of them were somehow rendered individually liable for taxpayer Western Electronics' unpaid taxes, supposedly by not responding to a notice of deficiency of penalty and interest assessed against Western Electronics. Before the individual defendants filed any responsive pleading, but after notice of appearance was served and filed, the Tax Commission moved for summary judgment—which in essence was no more than a motion for judgment on the complaint.

The individual defendants and Western Electronics, Inc., responded to the motion with a single affidavit which had nothing to do with the liability of the individual defendants. The individual defendants did not deny the averments of the complaint insofar as their liability was claimed.

The sole question presented to the trial court was one of law, i. e., as a matter of law were the individual defendants liable to the State for Western Electronics' unpaid taxes?

I do not see from the majority opinion or from the record how the Tax Commission established that it was entitled to a judgment against the individual defendants. The deficiency determination statute has no applicability in determining individual liability for a corporation's taxes. All that it does is provide a procedure whereby the Tax Commission can set the amount of a *taxpayer's* monetary deficiency, which can become final absent protest.

The *taxpayer* here is Western Electronics, Inc., the liability of which corporation is not an issue. The individual defendants here are persons who *might* be liable for that corporation's unpaid taxes under the provisions of I.C. § 63–3627.[1] There is nothing in the statutory law entitling the State Tax Commission to determine that liability in a proceeding which is solely for the purpose of determining the amount of monetary deficiency of an established *taxpayer.* Nor is it believable that the legislature ever intended to give the Tax Commission power to declare administratively who may be liable for a corporation's unpaid taxes. It could and did impose the liability on the person who is found to have had the statutory duty, but that determination belongs to a court, and with a jury trial if requested.

As a *matter of law,* the Tax Commission either was or was not entitled to an *in personam* judgment against the individual defendants. Obviously, it was not, and there was and could be no valid requirement that the individual defendants attempt to build up some sort of a factual dispute. The one California case cited by the majority does not support the total denial of due process inherent in the proceeding the Court approves today. The judgment should be reversed. I can not conceive that the Utah courts, into which jurisdiction the Tax Commission intends to take its judgment, will accord full faith and credit to an Idaho judgment based on a complaint which fails to state a claim for relief.

---

1. 63–3627. Responsibility for taxes—Corporations.—(a) Every person with the duty to account for and pay over any tax imposed by this act on behalf of a corporation as an officer or employee of the corporation or on behalf of a partnership as a member or employee of a partnership shall be personally liable for payment of such tax, plus penalties and interest, if he fails to carry out his duty.

(b) Any such individual required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax, or truthfully account for and pay over such tax, or wilfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 63–3046(b) for any offense to which this subsection (b) is applicable.