No. 80-432

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

IN THE MATTER OF THE ESTATE OF
LEONA WEIDNER, Deceased.

---

Appeal from: The District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, The Honorable
Robert Holter, Judge presiding.

Counsel of Record:

For Appellant:

Williams and Sverdrup, Libby, Montana
Marc Buyske argued, Libby, Montana

For Respondent:

Fennessy, Crocker, Harman & Bostock, Libby,
Montana
Mark Fennessy argued, Libby, Montana

---

Submitted: April 21, 1981
Decided: MAY 13 1981

Filed: MAY 13 1981

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Petitioner Gale Weidner appeals from a judgment entered in District Court, Lincoln County, holding that the 1954 will of Leona Weidner was irrevocable and admitting that will to probate.

Leona Weidner and E. J. Weidner, parents of Gale Weidner and Lorraine Brown, executed a joint will in 1954. The will left all property to the surviving spouse, and provided that upon the survivor's death, their son would receive five dollars, because "he [has] been provided for already," and that their daughter would receive the remainder of the property.

E. J. Weidner died in 1957; Leona Weidner received property pursuant to the joint will. Leona died on February 14, 1980, and Lorraine Brown, the surviving daughter, sought to probate the 1954 will. However, the surviving son, Gale Weidner, petitioned the court for a formal determination of intestacy. He produced an unexecuted copy of a second will, the original of which was purportedly executed in 1965 by Leona Weidner. The 1965 will contains a standard revocation clause.

The district judge found that the 1965 will was "apparently executed." However, having also found that the 1954 will was both a will and a contract, he determined that the 1954 will was irrevocable and was entitled to probate, despite the existence of the 1965 will.

Gale Weidner appeals from the order allowing probate of the 1954 will. Lorraine Brown cross-appeals, claiming that she should have been awarded attorney fees. We affirm the decision of the District Court admitting the 1954 will to probate and remand the cause for a determination of attorney fees.

The parties raise several issues on appeal:

1) Was the 1954 will contractual in nature and incapable of revocation?

2) Is there substantial evidence to show due execution of the 1965 will?

3) Did the 1965 will revoke the 1954 will?

4) Does section 72-12-206, MCA, allow respondent to recover attorney fees?

Montana law provides that a joint will is valid, but that it may be revoked at any time. Section 72-11-201, MCA. Despite similar statutory provisions, many jurisdictions have provided by case law that a joint will made pursuant to a contract is not revocable by the surviving testator, or more precisely, that the contract is irrevocable and can be enforced in a court of equity although the will is deemed revoked. 97 C.J.S. Wills § 1366(a); Collard v. Colley (1969), 92 Id. 789, 451 P.2d 535, 540; Lindley v. Lindley (1960), 67 N.M. 439, 356 P.2d 455, 457; Rolls v. Allen (1928), 204 Cal. 604, 269 P. 450, 451-452. The burden is on the party asserting the existence of the contract, and it must be shown by clear, convincing, and satisfactory evidence. Lindley, supra, 67 N.M. at 439, 356 P.2d at 457; Coffey v. Price (Okla. 1963), 380 P.2d 537, 539. See also 169 ALR 62, 65.

The district judge found that the evidence showed the existence of a contract. We need not determine whether that finding is supported by substantial evidence. We hold that the evidence presented at trial does not establish that the 1965 will was duly executed; therefore the 1954 will was not revoked by the 1965 will and the 1954 will is entitled to probate.

Montana law requires that a will be duly executed, and provides as follows:

> " . . . every will shall be in writing signed by
> the testator or in the testator's name by some
> other person in the testator's presence and by
> his direction and shall be signed by at least
> two persons each of whom witnessed either the
> signing or the testator's acknowledgment of the
> signature or of the will." Section 72-2-302, MCA.

The burden is on the proponent of the will to show due execution. Section 72-3-310, MCA. In a contested case, at least one of the attesting witnesses must testify. Section 72-3-309, MCA.

The attorney who drafted the 1965 will, testified that he witnessed Leona Weidner's signing of the will. He further testified that he was "quite certain" that he was himself an attesting witness. He was not certain who the other witness was, although he testified that he "believed" that it was his secretary, Winifred Hostetler. Mrs. Hostetler did not testify at trial and Mr. Williams indicated that in his discussions with her, she did not recall the signing of the will.

Based on this testimony, the district judge found that

"Leona A. Weidner in 1965 made another will . . . This will apparently was fully executed by Leona A. Weidner, although the date and names of the witnesses are unknown."

We find that the will was not duly executed. The drafter was able to testify with certainty only to his own acts with respect to the will; he could not establish that there was a second witness who had witnessed either the signing by the testator or the testator's acknowledgement of her signature of the will. We find insufficient evidence to support the finding that the 1965 will was "apparently" fully executed. Although there may have been substantial compliance with the statutory requirements, there was not sufficient evidence before the trier of fact to warrant this determination. Therefore, we find that the 1965 will could not revoke the 1954 will. The 1954 will was properly admitted to probate.

We determine that respondent is entitled to her attorney fees. Section 72-12-206, MCA, provides:

"Fees and expenss -- by whom paid. When the validity or probate of a will is contested through court action, the fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate is confirmed. If the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs."

Here the district judge confirmed the validity of the will in probate. Thus respondent is statutorily entitled to her fees

and expense. This Court has not addressed the issue of what constitutes "fees and expenses" as contemplated by this statute. In the recent case of Leaseamerica Corporation of Wisconsin v. State of Montana (1981), ___Mont.___, 625 P.2d 68, 38 St.Rep. 398, we discussed the term "legal expenses" and determined that legal expenses included attorney fees, as expenses of the proceedings. We hold that "expenses" as used in section 72-12-206, MCA, likewise encompasses attorney fees as part of the expense of the proceeding to confirm the probate of a will.

This cause is remanded for further proceedings in accordance with this opinion.

_____
Chief Justice

We concur:


_____
_____
_____
_____
Justices

- 5 -